**PETERS v. PURSLEY et al. (No. 2425.)**

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1925. Rehearing Denied Dec. 9, 1925.)

1. **Judgment 437—Rights of plaintiff, seeking to vacate judgment, to be determined under equity power of court.**

A suit to vacate and set aside judgment after the term, on the ground of neglect of counsel in failing to defend, not within scope of Vernon's Sayles' Ann. Civ. St. 1914, arts. 2026, 3203, 4300, providing for bills of review under certain specified conditions, but plaintiff's rights are to be determined under equity powers of the court.

2. **Judgment 463—Court, in suit to vacate judgment, held not to have erred in re-examining case on its merits.**

Where, in suit to vacate and set aside judgment, plaintiff was responsible for hearing of testimony on merits of his defense, and acquiesced in hearing of such testimony, held, that it was not error for court, in exercise of its equity power, to re-examine case on its merits, and grant such relief as in his opinion equity and justice demanded.

3. **Husband and wife 333(9)—Evidence held to sustain finding that defendant alienated affections of plaintiff's wife.**

In action against defendant for damages for alienating affections of plaintiff's wife, evidence *held* to support court's finding that defendant had alienated wife's affections, and to sustain judgment for plaintiff.

Appeal from District Court, Roberts County; W. R. Ewing, Judge.

Suit by W. L. Peters against F. P. Pursley and another to vacate and set aside judgment rendered against him in favor of the named defendant. From the judgment refusing to set aside a judgment theretofore rendered, but permitting defendant to file remittitur reducing amount of judgment, plaintiff appeals. Affirmed.

S. E. Fish, of Amarillo, and J. S. Stallings, of Claude, for appellant.

Hoover, Hoover & Willis, of Canadian, for appellee.

JACKSON, J. On June 29, 1923, F. P. Pursley filed suit in cause No. 637, upon which he obtained judgment on September 12th thereafter, in the district court of Roberts county, Tex., against W. L. Peters for the sum of $15,000. F. P. Pursley, as a cause of action upon which said judgment was obtained, alleged that about the 7th of May, 1915, he married Cecil Huber, and they lived together as husband and wife until about January 15, 1923; that he and his wife had three children born to them, and were affectionate with, and enjoyed each other's society; that during the fall of 1922

W. L. Peters became acquainted with the wife of F. P. Pursley and became unduly familiar with her and acquired an undue and improper influence over her, by means of which W. L. Peters induced her to bestow her affection upon him, alienated her affection from her husband, F. P. Pursley, caused her to hate and despise him, and on about January 15, 1923, she refused to live with her said husband, and his home had been made desolate and ruined, and said wife had become an improper mother for their two girls and boy, all of whom were of tender years; and he asked for a judgment for $25,000 against the said Peters.

This suit (No. 649) was instituted by W. L. Peters, hereinafter called appellant, on December 14, 1923, in the district court of Roberts county, against F. P. Pursley et al., to vacate and set aside the judgment rendered against him on the 12th of September, 1923, in cause No. 637 in favor of F. P. Pursley, hereinafter called appellee. Appellant asked that said judgment be vacated because the allegations of the petition on which it was based were false; that he was not guilty of alienating the affection of appellee's wife, who was a comparative stranger to appellant; that he had had no correspondence with her, and that no legal and truthful testimony was introduced in cause No. 637 which would warrant said judgment against him; that the amount of the judgment was excessive and unconscionable; that appellee and his wife separated three times during their married life, and that in October, 1922, appellee left her and went to the state of Colorado, and the wife threatened to sue for a divorce, and consulted attorneys relative thereto; that he had a valid defense to the cause of action alleged in suit No. 637.

The alleged facts and circumstances set up in appellant's petition, which he verified, were sufficiently averred, and were sufficient, if true, to constitute a meritorious defense to the cause of action in suit No. 637; that his failure to be present and present his defense in cause No. 637 was not due to any neglect or fault on his part; that, when served with citation in said cause, he immediately employed and paid an attorney to represent him in the trial thereof, and that he was ready and willing at all times to attend court and defend said suit, and so advised his attorney; that his attorney advised him that he had filed a general demurrer and general denial, and that the suit would be dismissed before the next term of court, and he was taking the matter up with the attorney for F. P. Pursley, and also told him to go about his work, that the attorney would take care of the suit; and that thereafter, during the first week of the court, said attorney told him that the case had been continued until the next term, and that he be-

lieved and relied on said statements, and did not know that said statements were not true until some weeks after the adjournment of the court, when he learned from a newspaper item that the judgment had been rendered against him.

Appellant attached to his pleading a copy of the petition of F. P. Pursley in cause No. 637, and also a copy of the judgment rendered therein. He prayed for an injunction restraining further proceedings in said cause; that citation issue; and that on a final hearing in his suit (cause No. 649), the injunction be made perpetual, and the judgment in cause No. 637 be annulled, and that he be granted general relief. Appellee answered by general demurrer and general denial.

Appellant filed a motion representing to the court that in the trial of cause No. 637 certain letters and documentary evidence were introduced and filed, and thereafter, by permission of the court, withdrawn; that such letters and documentary evidence were material to the trial of the issues raised in his cause, and asked the court to require the return to the files of such documentary evidence and letters. The record does not reveal that any action was taken on this motion by the court, but some, if not all, of the letters requested, were introduced in evidence.

The hearing on appellant's case was had before the court, and, at the conclusion of the testimony, the court refused to set aside the judgment theretofore rendered in suit No. 637, but permitted the appellee in this case to file a remittitur of $13,000, reducing the amount of the judgment to the sum of $2,000.

The court's findings, in effect, are, that appellant employed an attorney to defend him in cause No. 637, but that the employment was only to file an answer, and not to defend the entire case, or to attend the trial; that appellant relied on such employment and the acts of his attorney, and believed in good faith that it would be unnecessary to do more than file the answer, and thought the case would be compromised or continued, and for such reason did not attend the trial, but would have done so, had he not been misled by the acts and advice of his attorney; that appellant did not have a meritorious defense to cause No. 637, and had not presented such defense in cause No. 649; that appellant wrote the letters that were introduced in evidence and sent to appellee's wife, and the excuse offered for so doing would not relieve him from damages; that the letters were letters of affection and calculated, and doubtless did, alienate the affections of the wife for her husband; that there was sufficient facts revealed in the letters to warrant the belief that there was a clandestine love affair between appellant and appellee's wife; that appellee and his wife were having mar-

ital troubles, but such were being condoned and they might have been reconciled, had appellant desisted from his attentions to her; and that such facts would not have influenced him to render a different judgment except to reduce the amount of damages allowed.

Appellant, by proper assignment, assails the action of the trial court in refusing to vacate and annul the judgment rendered against him in suit No. 637, because, the court having found that he was neither negligent nor at fault in failing to be present in court and present his defense in said suit, it was error for the court to hear proof and determine whether his defense was true, and in such proceedings determine the merits of the case.

[1] Articles 2026, 3203, and 4300 of Vernon's Sayles' Civ. St. 1914, provide for bills of review under the conditions therein specified, but the proceedings brought by appellant are not within the scope of said articles; hence his rights are to be determined under the equity powers of the courts. Robbie v. Upson (Tex. Civ. App.) 153 S. W. 406; Camden Fire Ins. Co. v. F. E. Hill, 276 S. W. 887, by the Commission of Appeals, not yet [officially] reported.

In Overton v. Blum, 50 Tex. 417, the court holds that a new trial is never granted after the adjournment of the term at which judgment is rendered, but that—

"It is not to be questioned' that when a judgment has been obtained by fraud, mistake, or accident, and without any want of proper diligence on the part of the party against whom it is rendered, the district court, in the exercise of its equitable powers, may grant relief by reexamining the case on its merits, and granting such relief as equity and justice may demand and require."

The appellant, by motion, demanded the letters and documentary evidence which he alleged had been introduced in cause No. 637, asserting that the contents thereof were "material to the trial of the issues raised in this case."

The record discloses that appellant, who had the affirmative of the issues involved, in presenting his proof, offered first the testimony of W. R. Davis in an effort to show that Davis, and not appellant, was the author of the letters written to appellee's wife. Appellant called to the witness stand Mrs. Cecil Pursley, the wife of appellee, the purport of whose testimony was that no improper relation existed between her and appellant; that when she met Mr. Peters she did not consider that she was living with her husband; that she had consulted an attorney with reference to securing a divorce about the 1st of August, 1922. He offered Mrs. I. W. Huber, the mother of appellee's wife, whose testimony was intended to establish the merits of appellant's defense. He placed appellant on the stand on the issue of

his good faith in not attending court, and also the merits of his defense. Without objection, he permitted the counsel for appellee to cross-examine all of these witnesses as to the truthfulness of appellant's defense. The appellee placed several witnesses on the stand to controvert the testimony offered by appellant, and these witnesses were cross-examined by appellant's counsel. The record in this case reveals, without contradiction, that the court heard testimony on the merits of appellant's defense, not only without objection and with his acquiescence, but that appellant was responsible for the hearing on the merits of the controversy, at the time, and in connection with the issue of his good faith and diligence in failing to defend suit 637.

[2] Under the method of procedure adopted by appellant in this case, it was not error for the court, in the exercise of its equity power, to re-examine the case on its merits and grant such relief as in his opinion equity and justice demanded, and to require or permit the remittitur reducing the judgment to $2,000. Camden Fire Ins. Co. v. Hill (Tex. Civ. App.) 264 S. W. 123; also the same case, supra; Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357, and dissenting opinion in same case (Tex. Civ. App.) 214 S. W. 690.

All of the other assignments presented by appellant assail the action of the trial court, because of the insufficiency of the testimony to support his findings of fact.

[3] Without setting out in detail the testimony from the record, which contains 68 pages, we content ourselves with stating:

That it was sufficient to warrant the conclusion by the trial court that appellant had met the wife of appellee in the fall of 1922 at her home in Miami; that they made one or two trips to the country in an automobile by themselves; that he afterwards visited her at her mother's in Canyon, and, in company with her and her mother, attended a picture show at Amarillo; that he introduced her to W. R. Davis; afterwards suggested that W. R. Davis correspond with her; that as amenuensis for Davis, he wrote the letters sent to appellee's wife, a number of which were sent to him by Davis, copied and mailed to her by appellant; that such letters were letters of affection. The letters addressed her as "Dear Girl," "Dearest Little Girl," and were signed, "M." In the letters are such expressions as:

"Now, dearest little one, I cannot say as to the exact date I can come to see you, but wish it was to-night." "I am not so lonesome now knowing my little girl thinks of me." "I will not get to see you this month, but will see you next if I have to quit my job to do it." "Received two letters to-day from the dearest girl on earth. Dearest, I cannot express in words how glad I was." "I never wanted to see you so bad in my life. Seems a year since I met you last, and you looked so sweet to me with the apron on."

That appellee's wife received and answered a number of these letters; that appellee and his wife had, before she met appellant, had some marital trouble, divorce proceedings had been threatened, but these troubles were condoned; that he and his wife had apparently become reconciled, when appellee found in his wife's trunk the letters she had been receiving penned by appellant for W. R. Davis, after which she wrote her husband, "Mr. Peters is an old man as you say, but I believe he has more of a heart than you have;" that the trouble between appellee and his wife for some time preceding the discovery of these letters had been aggravated by her acquaintance with Mr. Peters.

The record discloses that Davis was under the supervision of appellant in their work; that it was July 12, 1923, after suit No. 637 had been filed, that Davis wrote appellee's wife advising her that he was the real correspondent, notwithstanding Peters had been copying the letters, and the court could have concluded that Davis, in attempting to assume the responsibility for the letters, was attempting to protect appellant. The court had the witnesses before him, saw their demeanor, and, from the entire record, we are not disposed to disturb the findings.

The judgment is affirmed.