## GRIFFIN v. BURRUS.  (No. 2770.)

(Court of Civil Appeals of Texas. Amarillo.
Feb. 16, 1927. Rehearing Denied
March 23, 1927.)

1. **Pleading** ⊨111—**To sustain venue, controverting plea must allege and evidence show cause of action maintainable in county where cause is pending.**

When a proper plea of privilege is duly filed, controverting plea must allege a cause of action maintainable in the county where the cause is pending, and the evidence must support such plea.

2. **Pleading** ⊨111—**Plaintiff, relying on fraud, crime, or trespass to sustain venue, must show commission thereof in county where action is pending.**

Plaintiff, relying on fraud, crime, or trespass of defendant to sustain venue, has burden of proving the fraud, crime, or trespass, and its commission in the county where the action is pending.

3. **Pleading** ⊨111—**Controverting affidavit as to false material representations, made to induce plaintiff to purchase stock, held to sustain venue in county where cause was pending.**

Controverting affidavit, charging that defendant made false representations to plaintiff in county where action was pending, that such representations were material, and were made for the purpose of inducing plaintiff to take stock in corporation, and were relied on by plaintiff to his injury, *held* sufficient to sustain venue.

4. **Appeal and error** ⊨560—**Statement of facts in question and answer form will not be considered.**

Court of Civil Appeals will refuse to consider a statement of facts which is in question and answer form.

5. **Appeal and error** ⊨907(3)—**In absence of statement of facts, every reasonable intendment consistent with pleadings will be indulged in support of judgment.**

Where there is no statement of facts, Court of Civil Appeals will indulge every reasonable intendment consistent with the pleadings to support the judgment of the trial court.

6. **Corporations** ⊨80(1)—**Subscriber held entitled to rely on promoter's representations as to corporation without investigation.**

One subscribing for stock in corporation *held* entitled to rely, without investigation, on representations made by promoter that $150,000 or more of the capital stock had been paid for, and that this had been used to buy land in foreign country, and that promoter had paid for $50,000 worth of stock, and that the land cost and was worth $5 per acre, American money.

Appeal from District Court, Lubbock County; Hill Stewart, Special Judge.

Suit by J. R. Burrus against John R. Griffin. From a judgment overruling a plea of privilege, defendant appeals. Affirmed.

J. Rob Griffin, of Fort Worth, and J. M. Marshall, of Lubbock, for appellant.

Bean & Klett and Robt. H. Bean, all of Lubbock, for appellee.

RANDOLPH, J. This suit was filed by appellee as plaintiff in the district court of Lubbock county, Tex., against appellant as defendant. Defendant filed a plea of privilege to be sued in the county of his residence, which plea was contested by plaintiff. The trial court overruled the plea of privilege, and the defendant has appealed to this court from the action of the trial court in so overruling the same.

[1-3] Defendant, by his propositions 1 to 5, inclusive, urges error as follows: When a proper plea of privilege is duly filed, the controverting plea must allege a cause of action maintainable in the county where the cause is pending; the evidence must support such controverting plea; the controverting plea must allege facts which confer jurisdiction in the county where suit is pending; that plaintiff, relying on fraud, crime, or trespass of defendant to sustain venue, has the burden of proof to show fraud, crime, or trespass, and in order to defeat the plea of privilege filed by defendant there must be proof to show the fraud, crime, or trespass having been committed in the county where the action was brought.

As abstract propositions of law, such propositions are sound, but we cannot agree with the defendant that the record as here presented is not in compliance with the principles laid down in said propositions.

The plaintiff's controverting affidavit is almost a substantial copy of his petition, and such controverting affidavit, omitting some of the formal parts, is in words as follows:

"That the plaintiff has the right to maintain venue of said suit in the district court of Lubbock county, Tex., under section 7 and 9 of Article 1995 of the 1925 Civil Statutes of Texas, in that the defendant committed a fraud, under said section 7, and a crime, offense, and trespass, under section 9 of said article, in Lubbock county, Tex., as more fully shown by allegations contained in plaintiff's petition and according to the following facts relied upon to confer venue of said cause on the district court of Lubbock county, Tex.

"That during the latter part of the year 1909 the defendant falsely and fraudulently promised and represented to the plaintiff and others that there was a tract of 53,150 acres of rich agricultural land in the tropics of the republic of Mexico, called the Mata de Ague, that could be bought for and would cost $5 per acre, American money; that it would be a highly remunerative investment for the plaintiff and others to subscribe and pay for shares of stock in a company to be organized with a capital stock of $250,000 or more to be used in buying and paying for said land; that the company would be incorporated on the payment of $150,000 or more of the capital stock; that the de-

⊨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant would also subscribe and pay for $50,-000 worth of stock in said company; that the stock would be $1 per share and sold for $2 per share.

"That the defendant represented that said land was situated in the state of Vera Cruz, republic of Mexico, about 30 miles from the gulf, had a navigable river frontage of about 30 miles, a larger portion of which was on the largest river in the republic, the Papaloapam on the west, the remainder fronting on the Tezechoacan river on the east, and 10 to 15 miles from the Vera Cruz & Isthmus Railroad on the south, affording superb transportation and exporting facilities; that the soil was rich in production, with the richest vegetable humus known, its fertility as great as that of the valley of the Nile; seasons continuous, every day growing day and every month harvest month, affording marvelous agricultural possibilities, and certain of producing enormous profits.

"That thereupon the defendant solicited and obtained subscriptions to the capital stock of said company, the plaintiff buying from the defendant 7,500 shares of said stock in said company, for which plaintiff paid in cash the sum of $15,000.

"That the defendant represented that $150,-000 or more of the capital stock had been subscribed and fully paid for; that the same had been used in acquiring and paying for said land; that he had subscribed and paid for $50,000 worth of the stock in said company; that the land was worth and had cost $5 per acre, American money.

"That on or about November 24, 1909, a charter for said company was obtained by the defendant, under the laws of Texas, and on or about January 10, 1910, the defendant, as president of said company, and as agent and trustee for plaintiff and other stockholders, bought said land for said company from the Perez estate in Mexico, as more fully shown by contract and conveyance entered into, executed, and delivered by Rafael A. Perez for and on behalf of the grantors and the defendant for and on behalf of the said company. In this connection defendant is hereby given notice and requested to produce the original or duplicate original or copy of said contract and conveyance, otherwise secondary evidence will be used to prove the contents thereof on trial.

"That, in truth and in fact, as plaintiff is informed believes, and here alleges, the capital stock was not used to buy said land, perhaps not over $20,000 was used for that purpose; that the $150,000 or more of the capital stock was not paid for, perhaps not more than one-half of that amount was paid, the amount that was actually paid being money furnished by plaintiff and others in Lubbock and neighboring counties; that defendant did not pay for any part of the $50,000 worth of stock which he claims he paid for; that the land did not cost and was not worth $5 per acre, but was only worth and only cost about $2 per acre.

"That the defendant received, appropriated, and converted the plaintiff's said money to his own use and benefit, without the plaintiff's knowledge or consent.

"That in the organization of the company, the acquisition of the land, and all the transactions related, the defendant posed and acted, and in fact induced the plaintiff to believe that he was, confidential adviser, purchasing agent, and trustee for plaintiff and most of the other subscribers to the stock, the defendant being the one who purchased the land for the company; the plaintiff having no knowledge or notice of the facts other than as represented by the defendant.

"That the defendant made the foregoing false and fraudulent representations and promises in Lubbock county, Tex., for the wicked and willful purpose of cheating and swindling plaintiff out of his money, and causing him to subscribe for said stock and pay therefor, and with the intention of not performing said promises and representations; that plaintiff believed and relied upon said promises and representations and because thereof subscribed and paid for said stock; that plaintiff would not have subscribed for said stock or paid therefor, had he known the facts.

"That the plaintiff was ignorant of the foregoing frauds and falsehoods and had no facts or grounds upon which to doubt the truth of the defendant's representations and promises, until about two or three months before the filing of this suit; that, although he used diligence, he made no discovery and could make no discovery of the fraud in that the land was purchased and the deal consummated in a foreign land and in a foreign language, the plaintiff having and reposing every confidence in the representations and promises of the defendant, who repeatedly and continually kept the plaintiff in ignorance by concealing the foregoing fraud, the defendant specially declaring and affirming the truth of the foregoing representations and promises.

"That owing to the low value of said land and the narrow margin or equity therein, heavily incumbered as aforesaid, and continually threatened with foreclosure, the stock in said company has always been worthless and without market or intrinsic value."

[4] The statement of facts filed herein is in question and answer form, hence will not be considered by us. Elliott v. Ferguson (Tex. Civ. App.) 97 S. W. 517; Oppermann v. Petri (Tex. Civ. App.) 107 S. W. 1142; Peoples v. Evans, 50 Tex. Civ. App. 225, 111 S. W. 756; Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S. W. 112; Dolsons, Inc., v. Sheridan Stove Mfg. Co. (Tex. Civ. App.) 178 S. W. 663. This ruling is made for the protection of the court and of our own volition. Poitevent v. Scarborough (Tex. Civ. App.) 117 S. W. 443, 446.

[5] There being no statement of facts, we are required to indulge every reasonable intendment consistent with the pleadings to support the judgment of the trial court. Parrish v. Parrish (Tex. Civ. App.) 280 S. W. 901, 902.

The defendant, in attacking the plaintiff's contesting affidavit, fails to point out specifically wherein the affidavit is defective. Considering such affidavit, as above set out in hæc verba, we find that it charges that false representations were made to the plaintiff by defendant in Lubbock county, Tex.; that such representations were material and

were made by defendant to plaintiff for the purpose of inducing him to take stock in such corporation; that they were false and were relied on by the plaintiff to his injury. Gardner v. Dorsey (Tex. Civ. App.) 272 S. W. 266; Deaton v. Rush (Tex. Com. App.) 252 S. W. 1025; Mason v. Peterson (Tex. Com. App.) 250 S. W. 146.

[6] It was not necessary for the plaintiff to have made investigations into the truth of the representations made by defendant; he had the right to rely upon such representations. Russell v. Industrial Transportation Co., 113 Tex. 441, 447, 251 S. W. 1034, 258 S. W. 462; Commercial Bank & Trust Co. v. Buntain (Tex. Civ. App.) 278 S. W. 506.

Finding no reversible error, we affirm the judgment of the trial court.