GRIFFIN v. BURRUS. (No. 3096.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 31, 1928.

Rehearing Denied Dec. 5, 1928.

See, also, 292 S. W. 561; 24 S.W.(2d) 810.

J. Rob Griffin and Carl W. Wade, both of Fort Worth, and Jas. A. Stephens, of Benjamin (Phillips, Trammell, Chizum & Price, of Fort Worth, of counsel), for appellant.

Bean & Klett, of Lubbock, for appellee.

JACKSON, J. On March 19, 1926, the appellee, J. R. Burrus, filed suit, cause No. 2493, in the district court of Lubbock county, Tex., against the appellant, John R. Griffin, and on March 22d thereafter filed his amended original petition, in which he alleged that in the latter part of 1909 appellant falsely and fraudulently represented to appellee and others that 5,350 acres of rich agricultural land in the republic of Mexico could be bought for $5 per acre American money; that it would be a remunerative investment for appellee and the others to subscribe and pay for shares in a corporation to be organized with a capital stock of $250,000 or more; that on the payment of $150,000 the company would be incorporated, and that appellant would subscribe and pay for $50,000 of the capital stock, which would be valued at $1 per share and sold for $2 per share; that appellant represented that the land was situated in the state of Vera Cruz, republic of Mexico, had a navigable river frontage, was 10 to 15 miles from the Vera Cruz & Isthmus Railroad, had superb transportation and exporting facilities, and the land was very rich, fertile, and productive, with seasons continuous, every day a growing day, and every month a harvest month; that appellant represented to appellee that $150,000 of the capital stock had been subscribed and paid for, that appellant had subscribed and paid for $50,000 of said capital stock, that the land was worth and cost $5 per acre; that on said representations the appellee purchased from appellant 7,500 shares of the capital stock, for which he paid $15,000; that a corporation was organized under the laws of the state of Texas, under the name of American-Mexico Land & Cattle Company, and appellant, as president of said company and as agent and trustee for appellee, about January 10, 1910, bought said land and received a conveyance from the owners thereof; that such representations were false and fraudulent, made in Lubbock county, Tex., and made for the purpose of and did induce appellee to purchase said 7,500 shares of capital stock; that in fact not to exceed $20,000 of the money paid for capital stock was used in buying said tract of land; that there were not 150,000 shares of the capital stock subscribed and paid for; that the money actually paid was furnished by appellee and his neighbors in the vicinity of Lubbock county; that appellant did not pay for any of the 50,000 shares he claimed to have subscribed and paid for; that the land did not cost but $2 per acre; that appellant received and converted appellee's money to his own use and benefit; that appellee believed and relied on the false representations made to him by appellant, and because thereof subscribed and paid for said capital stock, which was without value and worthless; that appellee was ignorant of the falseness of said representations, had no facts to cause him to doubt the truth of such representations, the land was purchased in a foreign country, and the negotiations had in a foreign language, and the appellant repeatedly and continuously declared and affirmed to appellee the truth of said representations, concealed the true facts from appellee, and kept him in ignorance of the falsity of such representations, and appellee, though he used diligence to investigate the truth, was unable to learn until about two or three months before filing his suit of the falsity of the representations and promises made to him.

The appellant filed his plea of privilege in the district court of Lubbock county to have the case transferred to the county of his resi-

dence. This plea was properly controverted by the appellee and overruled by the trial court, from which action an appeal was prosecuted to this court, and the judgment of the trial court overruling appellant's plea of privilege was affirmed. Griffin v. Burrus (Tex. Civ. App.) 292 S. W. 561.

While the appeal from the order of the trial court overruling the plea of privilege was pending, the appellee, on the 18th day of September, 1926, obtained a judgment by default against the appellant for the sum of $30,000.

The appellant then, as plaintiff, on October 5, 1926, filed what he calls his bill of review, cause No. 2719–A, and made application to the trial court for a temporary injunction to restrain the appellee, his agents and the officers of Lubbock county, from the issuance and service of any writ of execution on said default judgment, and such temporary restraining order was granted by the court in vacation. On December 19th thereafter, the appellant filed his amended original petition in his bill of review and injunction suit, in which he alleged that the trial court was without authority to render a default judgment in said cause on the last day of the August term of court without an agreement of the parties litigant; that such default judgment was rendered upon the request of attorneys for appellee in violation of an agreement between attorneys for appellant and appellee to continue said cause, provided that appellant would answer during said term of court; that said judgment was rendered at the request of appellee in violation of a contract in writing between attorneys for the parties for continuing the case if appellant's answer was filed at that term of court; that such default judgment was not supported by the pleadings or the evidence adduced upon the trial, was not properly entered in the minutes of said court before the term was adjourned; and that the minutes of said term were not read and signed by the judge in open court before adjournment of the term.

The appellant then sets forth various exceptions he would have urged to appellee's petition in cause 2493, if he had not been prevented from doing so by the action of the attorneys for appellee, and followed such exceptions by alleging as a meritorious defense the statute of two and four year limitation against appellee's cause of action; that such cause of action, if any, would inure to the benefit of the corporation, and it was necessary for appellee to allege and prove that the officers of such corporation had been requested and failed and refused to prosecute such suit; that the appellant would have denied committing any fraud in Lubbock county or that he formed or caused to be formed any conspiracy to defraud appellee or any one else, and that he was induced to assist in the formation of the company by those associated with appellee; that $5,000 of the money invested in shares of the company by appellee was expended before he met appellant, who could in no event be responsible for said $5,000; that all the money paid to appellant by appellee was used in purchasing and paying for the land, and he expended more than $100,000 of his own funds in good faith, believing the purchase was a good investment; that, at the time of the purchase, the government of Mexico was in peace, but soon thereafter said government became torn by internal strife and rebellion, cattle were taken by armed forces, and the improvements on the land totally destroyed, which was the cause of the failure of the company; that in 1911 and 1912 the appellee, together with others, made a complete investigation of the books of the company, learned the true facts, and in 1924, more than two years before the institution of this suit, the appellee participated in a stockholders' meeting of said company and was informed as to the debts, delinquent taxes, and the facts and circumstances pertaining to the condition of the company, and was fully acquainted with all the facts relative to the transaction, and he is now estopped by reason thereof to allege such facts as of recent discovery.

The appellee, as defendant, in cause 2719–A, filed a general demurrer, denied under oath the material allegations in appellant's pleadings and motion, and alleged, in the alternative, by way of cross-action, that, if he was mistaken as to the validity of the default judgment, and it should be set aside, nevertheless he was entitled to recover in the suit and entitled to the judgment entered and to judgment against the appellant, and pleaded substantially in this cross-action the allegations contained in his amended original petition in cause 2493, on which the default judgment was rendered.

In reply to appellee's cross-action, the appellant answered by various exceptions, and alleged as a defense thereto substantially the facts and circumstances presented in his petition for review as a meritorious defense to appellee's cause of action in cause 2493.

On December 10, 1927, B. K. Isaacs, trustee of the estate of appellant herein, John R. Griffin, bankrupt, with leave of the court, intervened and alleged that John R. Griffin was duly adjudged a bankrupt on September 6, 1927, and that, among the debts scheduled in the bankruptcy proceeding, is the default judgment in favor of appellee for $30,000, and that cause No. 2719–A was still pending in the district court to set aside the default judgment, for which reason the trustee in bankruptcy was a necessary party to the suit. The trustee adopted as his pleadings all the pleadings of the appellant.

At a regular term of the district court of Lubbock county, Tex., on the 16th day of January, 1928, the case and all the issues of fact involved were tried to a jury, and, in response to special issues submitted by the court, the jury found in effect that the appellant, as an inducement to appellee to invest his money in the capital stock of the American-Mexico Land & Cattle Company, misrepresented and concealed material facts relating to said company; that appellee did not discover such misrepresentations and fraudulent concealment prior to two years before the institution of his suit on March 19, 1926; that appellee could not, by the use of such diligence as an ordinarily prudent person would have exercised, have discovered the falsity of the representations and the concealment thereof by appellant; that appellee used due diligence to discover the falsity and concealment of such representations; that he relied on the representations made by appellant in making the investment; that appellant was not prevented from complying with the promises and representations made because of the public enemy or the conditions existing in the republic of Mexico; that the capital stock purchased by appellee was without value and worthless; that appellee was not entitled to exemplary damages.

The court rendered judgment to the effect that John R. Griffin, the appellant, and B. K. Isaacs, trustee in bankruptcy, were not entitled to set aside and vacate the judgment by default theretofore rendered for the sum of $30,000 or enjoin the enforcement thereof, and that the appellee was entitled to recover from appellant said sum of $30,000, as set forth in the default judgment, and decreed that the default judgment rendered September 18, 1926, in cause No. 2493, in favor of appellee against appellant, be upheld, adopted, and sustained, and entered as the judgment of the court, and that the temporary injunction be dissolved, vacated, and held for naught, and that all other relief prayed for by any of the parties to the suit be denied, from which judgment John R. Griffin, as appellant, prosecutes this appeal.

The appellant, by several assignments, presents as error the action of the trial court in refusing to set aside the default judgment rendered against him, because the court had no authority, without an agreement between the parties, to render judgment in said cause on the last day of the term of said court, said judgment had not been entered in the minutes of the August term of the court prior to the adjournment thereof, and the minutes of said term of court were not approved and signed by the judge during said term; that the undisputed evidence disclosed that the attorneys for appellant thought they had an agreement with the attorney for appellee in cause No. 2493 relative to filing an answer

and a disposition of the case, for which reason no answer had been filed, and that the case was to be passed for the August term, provided appellant's attorneys filed an answer in the suit.

The record discloses that at the January term of court the case was called and all parties announced ready for trial, a jury was selected, and a trial had of all the issues of fact relative to appellant's excuse for not answering and making his defense on the trial, as well as on the merits of the case. While appellant suggests in his brief that hearing the case on its merits was fundamental error, no objection was made to this procedure at the time. He assumed the affirmative, and introduced the testimony on which he relied to show that he was not at fault for not answering and making his defense before the judgment by default was taken, and also the evidence on which he relied to defeat the cause of action upon which appellee had obtained his judgment by default. He offered no objection to the jury passing on the merits of his defense.

█ Under the procedure thus adopted by appellant, it was not error for the court, in the exercise of its equity power, to hear the testimony relative to appellant's excuse or reason for not answering, and to re-examine the case on its merits and grant such relief as equity and justice demanded. Peters v. Pursley et al. (Tex. Civ. App.) 278 S. W. 229, and authorities cited.

█ "In order to set aside a judgment by default two things must appear: First, that the defendant has a good excuse for not answering or making his defense on the trial; and, second, that he has a meritorious defense." Lawther Grain Company v. Winniford (Tex. Com. App.) 249 S. W. 195, 198; Mutual Oil Consolidated et al. v. Beavers (Tex. Civ. App.) 272 S. W. 507; Sneed v. Sneed (Tex. Civ. App.) 296 S. W. 643, 645.

█ The testimony offered by appellant to show that the default judgment was not recorded in the minutes during the term of court is not conclusive. The deputy district clerk, the only witness called on that subject, stated that she did not know whether the judgment was entered on the last day of the term or not, but that the judgment, as written, was signed by the presiding judge at the time it was rendered, which was on the last day of the August term of court and before adjournment thereof.

The testimony further discloses that, on appearance day of the August term of court, August 16, 1926, the attorney for appellee, when the case was called, in the presence of one of the attorneys for appellant, stated that no answer had been filed for appellant. The attorney for appellant took the position that he was not required to file an answer,

since the order of the court overruling his plea of privilege was pending on appeal; that on August 28th thereafter the attorney for appellee advised attorneys for appellant that he expected to insist on a disposition of the case; that on September 3d thereafter the attorneys were again advised to the same effect, and still later attorney for appellee, in person, informed attorneys for appellant that he was still insisting on a disposition of the case; that on September 15 appellee's attorney wired appellant and his attorney that, unless answer was filed immediately, he would seek judgment by default at the August term of court, which ended the following Saturday, September 18th; that appellee's attorney waited until Saturday afternoon, and, no answer having been filed, introduced his testimony and took judgment by default for appellee against the appellant.

The appellant did not request that any of the fact issues presented by him as an excuse for not filing his answer and defending the case be submitted to the jury, nor the issue as to whether or not the default judgment which was signed by the court and handed in to the clerk was properly recorded on the minutes before the August term of court adjourned.

 It was incumbent upon appellant to show a good excuse for not answering and making his defense, and, not having requested that such issues of fact be submitted to the jury, he abandoned or waived such issues. Ormsby et al. v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Whitehead v. Reiger (Tex. Com. App.) 6 S.W.(2d) 745. However, if these were issues of fact to be determined by the court without the intervention of a jury, the testimony would sustain the finding of the court that the judgment was properly recorded and that appellant wholly failed to show any reason or excuse for failing to file his answer at the August term of court. The appeal from the order of the court overruling appellant's plea of privilege did not, while such appeal was pending, inhibit the trial of the case by the district court on its merits. Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253. As said by Judge McClendon in Sneed v. Sneed, supra:

"The motion may be controverted, and, unless the facts conclusively show a legal excuse, granting the motion becomes a matter of discretion with the trial judge which is not subject to review.

"The record shows a total absence of diligence, and presents no facts upon which to predicate a substantial excuse for failure to be present and defend at the trial. The citation constituted notice that the case could be called and disposed of on or at any time after appearance day. That is what the citation is for."

"If a court is made aware that through mistake or omission its records do not recite its judgment as actually rendered, we do not doubt that it is not only the right but the duty of the court, of its own motion and after due notice to the parties, to order the proper entry. The nature of a judicial record, the accuracy of which is the peculiar concern of the court and which for that reason and to that extent remains within the court's control, forbids that its correctness as an expression or evidence of judicial action should depend upon the inauguration of a proceeding by the parties; and it is therefore plain that such a proceeding only invokes an authority which the court may exercise of its own accord." Coleman v. Zapp et al., 105 Tex. 491, 151 S. W. 1040, 1041.

 If, therefore, the judgment by default had not been recorded in the minutes, or the minutes had not been signed by the judge before the adjournment of court, with all parties before the court, the judge was authorized to make such entry as he ordered of the default judgment so as to evidence his judicial action theretofore had.

The appellant assigns as error the action of the court in rendering the default judgment against him because appellee's petition was subject to a general demurrer and the testimony was insufficient to warrant the judgment.

 The allegations of fraud in appellee's petition on which the default judgment was taken were substantially the same as such allegations in plaintiff's petition in the case of Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148, and in our opinion the petition was sufficient.

 Limitation must be pleaded if it is relied on as a defense, and appellant, having failed to appear and plead limitation as a defense to appellee's cause of action before judgment by default was taken, cannot avail himself of the plea of limitation to have such judgment vacated. Article 5540, R. C. S.

 The oral testimony on which the default judgment was rendered appears in this record in question and answer form, for which reason it does not require a review by this court, Griffin v. Burrus (Tex. Civ. App.) 292 S. W. 561, but, were we required to consider the testimony presented in question and answer form, the record in this appeal shows that, in addition to oral testimony, deposition testimony was heard by the court before the default judgment was rendered, and such deposition testimony is not in this record, either in narrative or question and answer form, and we therefore assume, as the law requires, that the testimony on which the court rendered the default judgment was amply sufficient.

The appellant contends, under several assignments of error, that the action of the court in proceeding to a hearing of the case upon the merits, without objection or exception, and submitting issues to the jury on the merits of the cause of action, was equivalent to vacating and setting aside the default judgment, and was fundamental error.

What we have heretofore said, we think sufficient to dispose of this contention adversely to appellant. However, we have carefully examined the record, and, in our opinion, the findings of the jury on special issues submitted by the court on the merits of appellee's cause of action are sufficiently supported by the testimony, and no reversible error is presented to the action of the court in the proceedings had on this trial, and the judgment is therefore affirmed.