### CITY OF IDALOU v. ANDERSON.
#### No. 3360.

Court of Civil Appeals of Texas. Amarillo.
Feb. 19, 1930.

Bean & Klett, of Lubbock, for appellant.

Bledsoe, Crenshaw & Dupree, of Lubbock, for appellee.

RANDOLPH, J.

This suit was filed in the county court of Lubbock county, Tex., by the city of Idalou, a municipal corporation, on the 19th of April, 1929, against W. S. Anderson, to recover the sum of $309.90.

It is alleged in the plaintiff's petition that the city of Idalou is a municipal corporation, organized under the laws of Texas, having its general office and principal place of business in and at the city of Idalou, in Lubbock county, Tex.; that the defendant was secretary and treasurer of and for the city of Idalou, and had charge, custody, control, and possession of the city's records, moneys, and deposits as such officer, and that, while acting in the performance of his duties as such official, on or about April 27, 1926, took, appropriated, misapplied, converted, abstracted, and misappropriated for his own use and benefit the sum of $309.90 of moneys, funds, and credits of and belonging to the city of Idalou, Texas, of the actual, reasonable, and market value of $309.90, without the knowledge or consent of plaintiff. Further said petition alleged:

"That the aforesaid duties, responsibilities, custody, control and possession of the aforesaid moneys, deposits and credits were entrusted to the defendant in his aforesaid official capacity, and that it was the understanding with him, expressly and impliedly assented to by the plaintiff and defendant, that he would perform and exercise the statutory duties as secretary and treasurer in a diligent and faithful manner, and keep the City's funds on deposit with the First State Bank of Idalou, Texas, as city depository, and keep a correct record of all transactions with said depository and require strict and proper accounting of all receipts and disbursements each month in accordance with careful and customary banking methods, and that the defendant understood and it became his duty under the law and circumstances, in the faithful and diligent performance of his duties, to report any default or shortages on the part of the Bank, so that the plaintiff could and would take such action as would be demanded by the situation; and the plaintiff now says, in addition to the foregoing allegations and as a part thereof, as an alternative plea, that if there was a shortage on the part of said Bank, the defendant, as a city official charged with the aforesaid duties, should have promptly and immediately reported such shortage to the City and that he failed and refused and neglected to do so and never made any complaint until such shortage was discovered by an auditor employed by the City to make an audit of the City books and funds; and owing to the fact that the defendant failed, refused and neglected to report such shortage, when he knew thereof and when by the exercise of ordinary care and diligence he should have known thereof, constituted the concealment of the true facts and breach of the defendant's duties under the circumstances, all preventing the plaintiff making the discovery of the loss and shortage until such discovery was made by said auditor about a year prior to the filing of this suit."

The defendant filed his formal plea of privilege to be sued in Dallas county, Tex.

The plaintiff, more than five days after appearance day of the term of court at which said suit was returnable, and more than that length of time after the filing of the plea of privilege by the defendant, filed its controverting affidavit, contesting said plea.

The trial court thereupon entered his order as follows:

"It having been brought to the attention of the Court that the defendant has filed plea of privilege and that plaintiff has answered with controverting affidavit, it is hereby ordered that hearing be had in the County Court room at Lubbock in Lubbock County, Texas, before me, after defendant has had notice hereof more than ten days. Such hearing being set 9 o'clock A. M., September 18, 1929.

"This the 23rd day of August, 1929.

"Robt. H. Bean, Judge Presiding."

On the 10th of September, 1929, the defendant filed his motion to strike out the controverting affidavit because same was not filed within five days after appearance day of the term of court to which the plea of privilege was returnable.

It does not appear that the trial court passed on this motion to strike, but the court did enter his order sustaining the plea of privilege, and ordered the case transferred to Dallas county. From this interlocutory order, the plaintiff has appealed to this court.

The parties to this suit had entered into the following agreement, evidently in lieu of a statement of facts taken upon the hearing of the plea of privilege, to wit: "It is hereby agreed between the parties hereto that the evidence introduced by the plaintiff, on hearing of the plea of privilege, was sufficient to make prima facie proof of the allegations contained in the plaintiff's petition. It is also agreed that the May term of the County Court of Lubbock County, Texas, convened on May 20, 1929; that the next term convened July 15, 1929; that the next term convened September 16, 1929; that each term

continued in session eight weeks; and that the defendant was duly served with citation on May 13, 1929, requiring him to appear and answer at the July term. It is further admitted that the allegations of defendant's residence as shown in defendant's plea of privilege are true, and no other evidence was introduced by either of the parties hereto."

At the time the plea of privilege was filed, no action had been taken by the plaintiff in the matter of a default judgment, and, so far as the record discloses, no effort had been made to have the court act on the plea of privilege. When the controverting affidavit was filed, the court noted the filing and set it down for a hearing at a future date. The defendant thereupon filed his motion to strike, which is not shown to have been acted on by the court.

The agreement of counsel that the evidence introduced by the plaintiff on the hearing of the plea of privilege was sufficient to make prima facie proof of the allegations contained in the plaintiff's petition is conclusive in our view that the trial court committed error in sustaining the plea of privilege and in ordering the case transferred.

■ We will omit the discussion of the question as to whether or not the controverting affidavit was filed in time. It was permitted to be filed by the trial court, as is evident from his notation setting the plea of privilege down for hearing at a proper time and his failure to pass on the motion to strike. The record not showing any order of the court disposing of the motion to strike the controverting affidavit, it must be presumed that such motion was waived by appellee.

It has been held that the trial court should permit the filing of a controverting affidavit when request is made therefor even after an appeal to the Court of Civil Appeals and a reversal of the case. Witt & Sons v. Stith (Tex. Civ. App.) 212 S. W. 673; Id. (Tex. Civ. App.) 265 S. W. 1076.

As stated above, the controverting affidavit was permitted to be filed by the trial court, and the matters involved in the plea of privilege were passed on by the court and the plea sustained.

In article 1995, R. C. S., as amended by the Fortieth Legislature, First Called Session, Acts 1927, p. 197, c. 72, it is provided in cases of fraud and defalcation by public officers that suit may be brought in the county where the fraud was committed or where the defalcation occurred or where the defendant has his domicile.

■ The defendant insists that the plaintiff's petition nowhere alleges that the fraud was committed or that the defalcation occurred in Lubbock county. We cannot sustain this contention. From the allegations of the petition, it will be seen that the intendment of the petition was to charge the commission of the offense in Lubbock county. It is charged that the city of Idalou is a municipal corporation, situated in Lubbock county, Tex., and that the defendant was the secretary and treasurer of the said city, and as such was in control of the moneys and records of said city when the defalcation occurred. The allegations in the petition are tantamount to an express allegation that the defalcation occurred in Lubbock county.

It will be seen from an inspection of the controverting affidavit that the petition is referred to and made a part of the affidavit. Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148; Griffin v. Burrus (Tex. Civ. App.) 292 S. W. 561; Shafer v. Swift (Tex. Civ. App.) 256 S. W. 309; Randals v. Green (Tex. Civ. App.) 258 S. W. 528.

The trial judge, in the absence of any showing in the record of a disposition of the motion to strike, had before him the plea of privilege and the controverting affidavit. In passing on the plea of privilege and the affidavit, together with the allegations in the petition, he undoubtedly committed error in sustaining the plea of privilege. It is agreed by the parties that the plaintiff, by the evidence introduced on the hearing of the plea of privilege, had made out a prima facie case. While it is true that the parties further agreed that the defendant resided in Dallas county, such fact that he so resided in Dallas county at the time of the filing of the suit does not furnish any proof that he was not guilty of fraud or defalcation as charged in the petition; hence the plaintiff, having shown a prima facie case, was entitled to maintain its suit in Lubbock county.

■ It is only necessary in an action for fraud to sustain the venue in the county where the fraud is alleged to have occurred for the plaintiff to prove that a transaction which might constitute actionable fraud occurred in such county. Edmonds v. White (Tex. Civ. App.) 226 S. W. 819.

■ We do not concede the rule to be, as a matter of law, that the defendant is entitled to have the venue changed regardless of whether the plea of privilege complies with the statute or not. The fact that the petition alleged a cause of action of which the statute has fixed the venue and has made out a prima facie case on the hearing on the plea of privilege places on the trial court the duty of overruling the plea of privilege, even though the defendant has made the statutory application. Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114, and authorities therein cited.

We therefore reverse the judgment of the trial court, and here render judgment overruling the plea of privilege, and remand the cause to the trial court, with instructions to proceed with the trial on its merits in Lubbock county.