## GENERAL ELECTRIC SUPPLY CORP. v. H. & H. ELECTRIC CO.

No. 12576.

Court of Civil Appeals of Texas. Galveston.

May 28, 1953.

Ross, Banks & May and E. B. Laughlin, Houston, for appellant.

Henderson & Kirchheimer and Theo. R. Kirchheimer, Houston, for appellee.

Election Code, V.A.T.S., respectively, and are unchanged as to the provisions involved in the rulings of the court.

4. Election Code, sec. 1.01.

618

GRAVES, Justice.

In its brief filed here the appellant makes this statement of the nature and result of this cause as tried below and of the ground of its appeal from the judgment there to this Court, to wit: "This action was brought in the County Court at Law, of Harris County, Texas, by Appellant, General Electric Supply Corporation, against A. J. Harrison, doing business as H & H Electric Company, Appellee, for the principal sum of $935.26, and interest at the rate of 6% per annum thereon, from January 1, 1947. Appellant's suit was one on a sworn account.

"Appellee, although served with citation, in the manner and for the time required by law, failed to file a written answer, and wholly made default, whereupon a default judgment was entered against Defendant, September 24, 1952, for the sum of $935.26, together with interest thereon at the rate of 6% per annum from January 1, 1947, and costs of Court.

"Appellee, on October 8, 1952, filed his motion to set aside the default judgment; appellant, on October 17, 1952, filed its reply to such motion, and the Court, on October 17, 1952, entered an order vacating and setting aside the default judgment, and reinstated the case on its trial docket.

"Appellee, on October 24, 1952, filed his first original answer, and set up as his defense the statute of limitations, and also a general denial of the allegations contained in Appellant's petition and sworn account; upon trial of the case before the Court without a jury, the Court found that Appellant's cause of action was barred by the statute of limitations, and rendered judgment that Appellant recover nothing from Appellee.

"Appellant has perfected this appeal, solely on the grounds that the trial Court abused its discretion and erred in vacating and setting aside the default judgment, entered in favor of Appellant on September 24, 1952. Appellant does not deny that its cause of action was barred by the statute of limitations, but bases its appeal on the Court's abuse of discretion in vacating the default judgment, because Appellee was inexcusably negligent in failing to file an answer, as required."

The appellee, in his turn in this Court, concedes that appellant's quoted statement "is substantially correct," but adds thereto this much, as the basis of his answer to the appellant's contention upon the appeal: "An important point not set forth therein is: that the default judgment, so set aside, was set aside at the same term of court that it was rendered."

The trial court found, and the record otherwise indisputably shows, that appellee's quoted addendum to the appellant's statement was correct—that is, that the appealed-from order had been set aside at the same term of court during which it had been rendered; indeed, this Court finds no denial of that fact to have been made by the appellant.

Such being the boiled-down condition of the record on this appeal, it seems plain to this Court that the one question so raised here by the appellant has been authoritatively determined the other way by our Texas courts. In substantiation of its position, it cites and relies upon these authorities. Homuth v. Williams, Tex.Civ.App., 42 S.W.2d 1048; Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124; Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Garcia v. Ramos, Tex.Civ. App., 208 S.W.2d 111; Dempsey v. Gibson, Tex.Civ.App., 100 S.W.2d 430; Loomis v. Balch, Tex.Civ.App., 181 S.W.2d 849; Tex.Jur. Vol. 25, page 569, par. 173; Rule 94, T.R.C.P.; Tex.Jur. Vol. 28, page 287, par. 192; Griffin v. Burrus, Tex.Civ.App., 24 S.W.2d 805; Id., Tex.Com.App., 24 S. W.2d 810.

An examination of these cases and texts so relied upon by the appellant, shows that, at base, all rested upon, or applied to, situations where the judgment attacked had been sought to be set aside after the term of court at which it had been rendered had expired, or because of some declared-upon negligence.

That being true, none of such rules, or holdings, have controlling application here, where, as indicated, this judgment was set aside by the same court that rendered it,

during the same term of court at which it had been entered, and in the exercise of its then-existing plenary power, there being no showing of any abuse of its discretion.

Wherefore, since this distinction in our law has now become well-settled, and the line of cases and authorities declaring it stand in a class by themselves, it is deemed inappropriate to attempt a rediscussion of that situation. These last referred-to cases and texts, so relied upon by the appellee for substantiation of this appeal, are these. Arenstein v. Jencks, Tex.Civ.App., 179 S. W.2d 831; Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126; F. C. Crane Company v. Gosdin, Tex. Civ.App., 94 S.W.2d 221; Dorsey v. Cutbirth, Tex.Civ.App., 178 S.W.2d 749; Fowzer v. Huey & Philp Hardware Co., Tex. Civ.App., 99 S.W.2d 1100; Gann v. Hopkins, Tex.Civ.App., 119 S.W.2d 110; 25 Tex.Jur. page 545, "Judgments", Sec. 150–151; Vernon's Texas Civil Statutes, Ann., Arts. 1970–76, 1970–84.

Without further discussion, the appealed-from judgment will be affirmed.

Affirmed.

MONTEITH, C. J., not sitting.