## FOWZER v. HUEY & PHILP HARD-WARE CO.

### No. 12068.

Court of Civil Appeals of Texas. Dallas.

Nov. 14, 1936.

Rehearing Denied Dec. 19, 1936.

A. T. Folsom, of Wink, for appellant.
Alvin H. Lane, of Dallas, for appellee.

BOND, Justice.

The appellant, Frank Fowzer, instituted the present suit in the Forty-Fourth district court of Dallas county, Tex., to vacate a judgment entered by said court on March 17, 1934, against him, in favor of the appellee, Huey & Philp Hardware Company, and to permanently enjoin the enforcement of said judgment.

Appellant alleged that the judgment was void: First, because no citation was ever issued and served upon the defendant (appellant herein), no answer filed, and no appearance entered to confer jurisdiction on the court; second, the plaintiff's (appellee herein) petition was insufficient in law to support the judgment, in that plaintiff sought to recover upon a note executed by Staples & Fowzer, a corporation, as the principal obligor, and the defendant, Frank Fowzer, as an indorser thereon, without alleging facts showing (a) that notice of dishonor was given to the indorser, or any excuse offered dispensing with or waiving such requirement; (b) that demand for payment was made on the maker of the note, so as to fix liability of the indorser; and (c) that the suit on the note was filed on or before the first term of the court having jurisdiction of the subject matter and the parties; and, third, after the filing of the suit, the plaintiff failed and neglected for more than four years thereafter to have citation issued and served upon the defendant, or, in any manner, brought the defendant within the active jurisdiction of the court, wherefore, at the time of the rendition and entry of the judgment, more than four years had elapsed since the due date of the note sued on, thus the four-year statute of limitation had run against the note, and defendant's indorsement was thereby barred by limitation.

Appellee in the present suit answered by demurrer, general denial, and specially alleged that said defendant, Frank Fowzer, had in person and by attorney made his personal appearance in the pending cause, thus submitting himself and the cause against him to the jurisdiction of the court, wherefore the court had active jurisdiction of the subject matter of the suit at the time the judgment was entered.

The record shows that, on November 20, 1929, the appellee herein, as the plaintiff, filed suit in the Forty-Fourth district court of Dallas county, being cause No. 83307—B against Staples & Fowzer, a corporation, upon a promissory note, dated September 14, 1929, maturing October 15, 1929, for the principal sum of $940.12; and against the appellant herein on an indorsement of said note. The plaintiff further alleged that Staples & Fowzer was insolvent or in imminent danger of insolvency and, to preserve the assets and administer the estate of Staples & Fowzer, the plaintiff sought the appointment of a receiver for the benefit of all creditors of the alleged insolvent corporation. The corporation waived citation and, on hearing of plaintiff's sworn petition, the court appointed a receiver and thereafter a master in chancery, in aid of the receivership.

On March 21, 1930, in pursuance to a written notice from the master in chancery directed to the creditors of Staples & Fowzer, the Fowzer Boiler Works, a business owned and operated by Frank Fowzer, appeared before and presented to the master in chancery, for approval and classification, a claim against Staples & Fowzer's estate, also Frank Fowzer appeared by attorney in his own behalf and in opposition to adverse claims presented by other creditors, none of which pertained to the claim of the plaintiff, Huey & Philp Hardware Company, against the defendant, Frank Fowzer, or the indorsement involved in the main suit.

On the trial of the present suit, it was conceded that no citation was ever issued or served upon the appellant in the former suit; that Staples & Fowzer, a corporation, was the principal obligor on the note sued on, and the appellant, Frank Fowzer, was an indorser thereon, the indorsement reciting that he waived presentment, notice of nonpayment, protest, and notice thereof, and diligence in bringing

suit against the maker of the note; that the note is just, due, and unpaid; and that the suit in which the judgment was obtained was filed November 20, 1929, about thirty days after the maturity of the note, and not prosecuted to final judgment for more than four years after the suit was filed and the maturity date of the note sued on. No excuse was alleged or proved showing why citation was not issued and served on appellant, or tolling the period of limitation. The delay in the prosecution of the suit was ·shown to be due to the pendency of the receivership.

The trial court herein issued a temporary injunction upon appellant's sworn petition and, on final trial, dissolved the injunction, and denied to appellant the relief sought, entering judgment in favor of appellee for all cost of suit.

■ The primary contention in the court below, and on which the trial court acted, centered on the question of jurisdiction of the court over the defendant, Frank Fowzer, on the indorsement of the note. Unless it can be said that the defendant's appearance before the master in chancery, urging the approval and classification of his claim against Staples & Fowzer, and, furthermore, in opposition to other claims adverse to his interest, neither of which · involved the note and indorsement in suit, conferred such jurisdiction, the trial court had no active jurisdiction over the defendant. We are of the opinion that such appearance did not confer jurisdiction on the trial court to enter the judgment.

■ A master in chancery in receivership proceedings has jurisdiction only of such matters as may be conferred upon him by the court; and to exercise such powers as a master of chancery has in a court of equity. R.S. art. 2320. He derives his powers from the order of his appointment. Any action beyond the scope of his official authority is without weight. Thus proceedings to determine the amounts, classification, priority, and validity of claims against an estate in receivership confer no jurisdiction on the master in chancery, or the court making the appointment, to exercise rights over matters and parties not properly before the court and not referred to the master for determination. A receivership proceeding, in which a master in chancery has been appointed, involves only the subject matter and parties for which the receiver was appointed to exercise jurisdiction; therefore the appearance of creditors, to have determined the amounts, classification, priority, and validity of claims against the estate then being administered, does not confer jurisdiction on either the master or the court making the appointment over matters and parties which were not and could not come within the scope of their authority.

■ Appellant herein, in submitting claims to the master in chancery and otherwise appearing before him in matters foreign to the suit of appellee against the appellant, did not confer jurisdiction on the appointing court to enter judgment on the obligation of appellant to the plaintiff involved in the suit. The judgment was void and, being void, will not support writ of execution or other process based thereon.

■ It is further contended on this appeal that the judgment which appellant sought to vacate, regular on its face and by a court of competent jurisdiction, cannot be successfully attacked in a later proceeding, even by direct suit in the same court, upon the ground that no jurisdiction was obtained over the person of the complaining party, without also showing the existence of a meritorious defense to the suit in which such· judgment was obtained. This seems to be the rule in Texas, founded upon the theory that an injunction suit is one of equity, and a court of equity does not sit to remedy injuries wholly technical and insubstantial. Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254. A further explanation of the doctrine is given by the Commission of Appeals in the case of Humphrey v. Harrell, 29 S.W. (2d) 963, 964, in which that court says: "The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed .for is either denied or granted in the one proceeding."

■■ So, in accepting the gauge thus pronounced by our Supreme Court, the

question here arises, Is a plea of limitation a meritorious defense, or is it wholly technical and insubstantial? We are aware of some early decisions which seem to hold that a plea of limitation is not a meritorious defense and is not recognized in courts of equity to set aside a default judgment, Foster v. Martin, 20 Tex. 118, 119; Dowell v. Winters, 20 Tex. 793, 794; but we are in accord with the holding and authorities cited by the San Antonio Court of Civil Appeals, application for a writ of error dismissed by our Supreme Court, in Cain v. Thompson et al., 72 S.W.(2d) 339, 340, in which that court says: "The more recent, and, we think, the better, cases, have abrogated the rule. The modern judicial view is that the statute of limitations is one of repose, and that as a defense the statute is now classed as meritorious, and as much so as other valid defenses."

The function and purpose of statutes of limitation is to fix arbitrary periods within which actions may be prosecuted. As a defense, limitation is no longer treated as discreditable, but, on the contrary, is regarded with favor by courts of justice. It is a valid remedy to bar the right of recovery in suits either in law or in equity, thus effectively restricting rights and producing results which otherwise might be asserted and obtained. Limitation to a cause of action is a defense allowed by law and, when invoked by one having that right, becomes a meritorious defense. So it is not for courts to say that statutes of limitation enacted by the Legislature are not meritorious defenses. A meritorious defense, required to be shown to set aside a void judgment under the rule announced, is one which, if established upon another trial, will produce a different result. Cragin v. Henderson County Oil Development Company (Tex.Com.App.) 280 S.W. 554.

■ This being the rule, thus limiting the scope of inquiry as to whether the record in this case shows a void judgment and a meritorious defense, we are of the opinion that both are shown. We think the trial court erred in refusing to vacate the judgment entered against appellant and refusing to permanently enjoin its execution; therefore the judgment of the lower court is reversed and here rendered in favor of appellant, setting aside the judgment entered in cause No. 83307—B by the district court of Dallas county, as to the defendant (appellant herein), and permanently enjoining its execution.

Reversed and rendered.