## TAYLOR v. PRODUCERS PIPE & SUPPLY CO. et al.

### No. 2064.

Circuit Court of Appeals, Tenth Circuit.

Sept. 27, 1940.

N. A. Gibson, of Tulsa, Okl. (Wilbur J. Holleman, of Tulsa, Okl., on the brief), for appellant.

J. A. Duff and C. H. Rosenstein, both of Tulsa, Okl. (Guy S. Manatt, W. B. Blair, and W. D. Woolley, all of Tulsa, Okl., and Robert O. Brown and Harry O. Lambert, both of Duncan, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Producers Pipe and Supply Company, Iverson Tool Company, Halliburton Oil Well Cementing Company, Stephenson-Brown Lumber Company, and Sand Springs Home will be respectively referred to as Producers, Iverson, Halliburton, Stephenson, and Sand Springs.

Fred W. Seymour, trustee, filed in the court below this action against Gilmort Oil Company, as sole defendant. He alleged that defendant was indebted to him for advances made for the purpose of carrying out a drilling program on oil properties owned by defendant, that he was entitled to share

---

5 Certiorari denied, 1939, 308 U.S. 617, 60 S.Ct. 262, 84 L.Ed. 515.

in the production from such properties, that defendant had failed to perform its contract with him, that it had become indebted to others for current expense, a large part of which was for labor and material and therefore subject to become a lien against the producing properties, and that it was necessary to appoint a receiver; and he prayed that a receiver be appointed, and the filing or perfecting of liens against such properties, and the institution of actions or proceedings against the defendant, be enjoined. Gilmort Oil Company filed in the same court its petition seeking relief under section 77B of the Bankruptcy Act. When the petition came on for hearing on the question whether the filing thereof should be approved, plaintiff, defendant, Producers, Iverson, and Sand Springs appeared by their respective attorneys. Roland L. Taylor, trustee, and Roland L. Taylor, individually, also appeared by his attorney Wilbur J. Holleman, a member of the firm of Gibson and Holleman, composed of N. A. Gibson and Wilbur J. Holleman. All parties, except defendant, objected to the approval of the petition filed in the proceeding in bankruptcy. Holleman addressed the court respecting the interest of Taylor, trustee, in the properties of Gilmort Oil Company and the amount the company owed him as trustee and individually. At the suggestion of the court the parties withdrew and conferred among themselves for the purpose of endeavoring to agree whether a receiver or receivers should be appointed in the equity proceeding or the proceeding in bankruptcy should go forward and a trustee or trustees be appointed. The parties agreed that the best interests of creditors and claimants would be served by the appointment of equity receivers, and it was suggested that representatives of parties who had the larger claims or causes of action, and as consequence the greater financial interest in the properties and business of defendant, should be appointed as receivers and as attorneys for the receivers. All of the parties again appeared before the court and disclosed their agreement and suggestion, whereupon the court appointed Holleman and one of the trustees of Sand Springs as receivers, and also appointed one of the attorneys for plaintiff and one for Sand Springs as attorneys for the receivers.

Thereafter, with leave of court, Producers intervened. It pleaded that it had furnished material and supplies to defendant and Taylor, trustee, as mining partners; that such material and supplies were used in the development of the oil and gas leases jointly owned by defendant and Taylor, trustee; that defendant owned an undivided seventy per cent and Taylor, trustee, an undivided thirty per cent interest in such leases, and that the properties were jointly owned and operated by the two; that intervenor had statutory liens against such properties which had been duly filed of record but under the law of Oklahoma it was necessary that actions to establish the indebtedness and foreclose the liens be instituted within one year from the date of the filing of such liens. Taylor, trustee, Iverson, Stephenson and Halliburton were joined as defendants. Intervenor prayed for the establishment of a prior and superior lien to that of such parties. Under direction of the court, the receivers gave notice that all claims against defendant or its properties be filed within a fixed time; and within that time Taylor, trustee, filed with the receivers a writing denominated a claim. Its recitals or allegations will be discussed later. Iverson, Halliburton, and Stephenson, each filed an answer to the intervention and a cross petition against defendant and various other parties named as defendants in such intervention, including Taylor, trustee, in which answers and cross petitions they prayed for money judgments against Taylor, trustee, and also sought to establish and have foreclosed liens upon certain properties of defendant, in some of which properties Taylor, trustee, owned an interest. Taylor, individually, by his attorney Holleman, also filed an answer and cross petition to the petition in intervention. Taylor, trustee, did not. On separate applications of Producers, Iverson, and Stephenson an order was issued for service on Taylor, trustee, outside of the State of Oklahoma, and service was had upon him in the State of Pennsylvania.

Later the court referred the cause to a special master with direction to audit all claims filed with the receivers, to make findings of fact and conclusions of law, and to recommend the judgment to be entered. At the same time, the court referred to the master the petition in intervention and all answers and cross petitions with like directions. The master conducted extended hearings. Holleman was present at some of them. When the claim of Taylor, trustee, was taken up Gibson appeared and partially presented the proof in support of it. He was then required to absent himself, and Holleman continued the presenta-

tion of the proof. The claim was sufficiently presented and witnesses for Taylor, trustee, were extensively cross examined by the intervenor, and by most of the claimants and cross petitioners. Holleman announced that he represented Taylor, an individual, who had filed a pleading in the case; that he also represented Taylor, trustee, who had filed a claim with the receivers, but had not filed a pleading in the case and had not entered his appearance, and that counsel did not wish anything he might say to be construed as entering the appearance of Taylor, trustee. While he thereafter acted from time to time, including the interposition of objections to testimony and to claims, without specifically renewing on each occasion such statement of the capacity in which he appeared and acted, he insisted throughout that his appearance for Taylor, trustee, was special for the limited purpose of presenting the claim and not for the purpose of invoking the general jurisdiction of the court.

The master filed his report as one document, in which he took up each claim separately. He found, among other things, that no personal service had been obtained upon Taylor, trustee, but that by filing a claim, by offering proof in support of it at the hearing before the master, by interposing objections and exceptions, and by otherwise participating in the hearing, he had submitted himself to the general jurisdiction of the court; that he was a mining partner with Gilmort Oil Company in the ownership of certain enumerated leases and in the development and operation of such leases; that he was personally liable, along with defendant, to Producers, Iverson, Halliburton and Stephenson in stated amounts; and that personal judgments should be rendered against him in their favor. Taylor, trustee, lodged exceptions to the report. The court denied the exceptions, and approved the findings of fact and conclusions of law; and as to Taylor, trustee, personal judgment was entered in accordance with the recommendation of the master, with attorneys' fees added. He moved for a new trial, the motion was denied, and he appealed from the judgment against him.

■ The only contention urged for reversal is that Taylor, trustee, did not enter a general appearance in the case and therefore the court did not have jurisdiction to render a personal judgment against him. The argument is that he merely filed a claim with the receivers and appeared specially before the master for the purpose of presenting proof in support of it, and that his acts and conduct did not constitute a general appearance which conferred general jurisdiction of his person. It may be conceded, without so deciding, that the mere filing of a claim with the receiver in an equity proceeding and the presentation of proof and argument in support of it does not constitute a general appearance in the case if the matters relating to the claim are foreign to the issues between the original parties. It was so held in Fowzer v. Huey & Philp Hardware Co., Tex.Civ.App., 99 S. W.2d 1100. But this case was from the very outset one in equity. The essence of plaintiff's cause of action was that he had advanced money to defendant, that he had a right to share in the production from the oil properties of defendant, that defendant had failed to carry out its part of the contract, that unpaid debts for current expenses existed, a large part of which were subject to becoming liens, that a receiver should be appointed, and the fixing or foreclosure of liens or the institution of other suits enjoined. The intervention of Producers stated a cause of action in equity. It was alleged that defendant and Taylor, trustee, each owned a specified undivided interest in the properties involved in the case, and were mining partners; that intervenor had furnished material and supplies for the development of such properties; that it had liens on such properties which had been filed; that other persons joined as defendants claimed liens or encumbrances either prior to, concurrent with, or subsequent to the liens of intervenor, and that as to some of such properties Taylor, trustee, claimed a prior or superior lien to the liens of intervenor; and it sought the establishment and enforcement of its lien. Likewise the answers and cross petitions of Iverson, Stephenson, and Halliburton each stated a cause of action in equity—the establishment and foreclosure of liens upon described properties, in some of which Taylor, trustee, owned an interest. It was into a case of this nature and scope that the so-called claim was filed. It was recited or stated in such claim that Taylor, trustee, and defendant entered into a certain written contract, a copy of which was attached, and that it had been duly placed of record in the proper county; that he paid $50,000 to defendant, and under certain provisions of the contract he acquired by duly recorded assignments an undivided thirty per cent interest in and to the oil and gas leases

covering certain described land; that he also paid $94,999.95 to defendant, and under other provisions in the contract there was to be assigned to him and he was entitled to receive forty-five per cent of the oil runs in addition to the oil runs he already was entitled to receive by reason of his ownership of the interests already assigned to him; that he was entitled to such additional oil runs until the additional forty-five per cent together with the thirty per cent amounted to the sum of $144,999.97, plus interest; that he had received $71,-396.47 in odd amounts, and that there remained due him from such seventy-five per cent of the oil, gas and casinghead gas produced from the leases, the sum of $73,603.50, with interest; that he was entitled to receive such oil runs free and clear of any and all operating expenses, or other claims of any persons whatsoever, and that such right was prior and preferred to the claims of any and all persons; and that inasmuch as all of the oil runs were being received by the receivers, the court should make and enter an order directing the receivers to pay him periodically and from month to month, the full amount due him. It was further recited or alleged that in the event any of the minerals or the proceeds thereof were, pursuant to the final judgment of the court, appropriated or applied to any purpose than payment to Taylor, trustee, he then should be adjudged to have a first and prior call upon all of the lessee's interest in the oil, after such diversion had been terminated, so that he would be protected in his rights insofar as was possible; that he was entitled to receive his share of the oil, gas and casinghead gas free and clear of all claims of any materialmen, mechanics and workmen, and to have the claims of such persons adjudged inferior, junior and subsequent to those of the claimant; and that he was entitled to have all his rights under the terms of the contract, protected and an adjudication establishing the contract for his benefit as against all parties. And he prayed that the court adjudge and decree that he was the owner of an undivided thirty per cent interest in and to certain leases, that he had a first and prior right to receive seventy-five per cent of all oil, gas and casinghead gas produced, that such ownership and right be adjudged to be prior to the claims and asserted liens of any materialmen, mechanics or laborers, and that the receivers be directed to make the oil payments to him as required in the contract; and further, that he have such further and additional relief, orders and judgments as the court should deem equitable and proper. He thus stated a cause of action cognizable in equity and invoked the broad equitable powers of the court for the protection of his rights in the res. Not only was allowance of the claim sought but an adjudication of title and right to oil, gas and casing head gas, priority over other claims and asserted liens of other parties, and such further and additional relief, orders and judgments as were deemed equitable and proper. His pleading was in substance and effect an ancillary complaint sounding in equity, not an ordinary claim submitted to a receiver for allowance and payment out of assets. The filing of such a pleading—preceded by the appearance in court, the statement made to the court at the time of the appointment of the receivers in respect to the interest which he asserted in the properties in suit, and the participation in the proceedings leading up to the selection of the receivers—clearly subjected Taylor, trustee, to all of the consequences of a general appearance.

■ The court had jurisdiction of the res. And once that jurisdiction attached, the court could decide all matters in dispute and decree complete relief; and a determination of the various counterclaims or cross-complaints was essential, both to the winding up of the receivership and to a disposition of the claim of Taylor, trustee. In determining the counterclaims and cross-complaints, and in decreeing complete relief, the court was within its jurisdiction in awarding claimants personal judgment against Taylor, trustee, as owner of an undivided interest in the property constituting the res, upon a liability arising out of the subject matter of the res. Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192; Railroad Credit Corporation v. Hawkins, 4 Cir., 80 F.2d 818, certiorari denied 298 U.S. 667, 56 S.Ct. 750, 80 L.Ed. 1390.

It is argued in support of the judgment that the filing of the motion for new trial, setting up both jurisdictional and nonjurisdictional grounds, constituted a general appearance which related back and became effective as of the time of the trial. But our conclusion that a general appearance had otherwise been entered eliminates any need to determine that question.

The judgment is affirmed.