## COLUMBIA FOUNDRY CO. v. LOCHNER.
### No. 5992.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 17, 1949.

Decided Jan. 4, 1950.

Richard W. Emory, Baltimore, Md., and Andre W. Brewster, Baltimore, Md. (Venable, Baetjer & Howard, Baltimore, Md., on the brief), for appellant.

Irving B. Grandberg, Baltimore, Md., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The question to be decided in this case is whether the District Court, sitting in bankruptcy, has jurisdiction to enter an affirmative judgment in favor of the trustee in bankruptcy upon a counterclaim filed by him against a non-resident creditor who has filed a claim against the estate of the bankrupt. It is settled that in an equity receivership to wind up the business of a corporation and distribute its assets amongst the creditors and stockholders, where non-resident officers of the corporation, who were not parties to the original suit, come in as creditors and claim part of the assets, the court has jurisdiction to entertain a counterclaim against them for assets of the corporation alleged to have been fraudulently converted by them to their own use; and in such a case the court has jurisdiction not only of the subject matter but also of the person, and may grant affirmative relief against the claimants although no process has been issued against them.

This rule was laid down in Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192, notwithstanding the provision of Section 51 of the Judicial Code, 28 U.S. C.A. § 112.[1] The court said:

"Respondents appropriately presented their claims and became entitled to adjudication without petition for intervention, any formal pleading or commencement of suit. Unquestionably, they submitted themselves to the court's jurisdiction in respect of all defense that might be made by the receivers and of all objections that other claimants might interpose to the validity, amounts, or priorities of their claims. And they put themselves in position, should their interest warrant, to challenge the receivers' acts and the demands of others claiming as creditors." 296 U.S. pages 238-239, 56 S.Ct. page 209.

\* \* \* \* \* \*

"The rule contained in section 51, Judicial Code, 28 U.S.C., § 112 [28 U.S.C.A. § 112], that is invoked by respondents here declares: 'No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant.' The section applies only where a suit is 'brought \* \* \* by any original process or proceeding.' No at-

1. 1948 Revised Judicial Code, 28 U.S.C.A. § 1391.

tempt was made to summon respondents into court. That provision does not affect the general jurisdiction of District Courts, but merely confers a personal privilege that may be waived. General Investment Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 272, 43 S.Ct. 106, 67 L.Ed. 244; Lee v. Chesapeake & Ohio Ry. Co., 260 U.S. 653, 655, 43 S.Ct. 230, 67 L.Ed. 443. By presenting their claims respondents subjected themselves to all the consequences that attach to an appearance, section 51 to the contrary notwithstanding. See General Electric Co. v. Marvel [Bare Metals] Co., 287 U.S. 430, 435, 53 S.Ct. 202, 77 L.Ed. 408." 296 U.S. pages 240–241, 56 S.Ct. page 210.

This court in Florance v. Kresge, 4 Cir., 93 F.2d 784, following the principle laid down in Alexander v. Hillman, supra, upheld the jurisdiction of a court of bankruptcy to entertain a counterclaim and to render an affirmative judgment against a creditor who had filed an unsecured claim against the estate, and had also filed an intervening petition in which claim was made for rent collected by the trustee under a contract between the creditor and the bankrupt as a real estate agent.

In respect to the filing of proofs of claim in bankruptcy, as consent to the jurisdiction of the court, Collier on Bankruptcy, 14th Ed., Vol. 4, Sec. 6820, pp. 788–790 says:

"It is clear that where the plaintiff's petition is of such a nature that he submits his cause to the bankruptcy court, and manifests a willingness that the court fully determine his rights therein, such as in a reclamation petition, he consents to the court's jurisdiction and cannot complain thereafter of the court's power to render a judgment against him upon a proper set-off or counterclaim asserted by the trustee. On the other hand, the mere filing of a proof of claim for allowance is not such a

clear expression of consent. It has been held in some cases that such a claim, without more, does not constitute consent, and that a bankruptcy court may not render an affirmative judgment upon a set-off or counterclaim asserted by the trustee. It was said that a plenary suit was the only remedy, unless the trustee waived all right to the excess. In Florance v. Kresge, however, the court held that the filing of an unsecured claim amounted to a submission to the court's jurisdiction so as to permit an affirmative judgment upon a proper counterclaim asserted by the trustee and receivers. In the light of expeditious administration of bankrupt estates, and an avoidance of multiplicity of litigation, this decision has much to recommend it. It would further serve to reduce the operation of the 'absurdity of making A pay B when B owes A.'

"One who files a proof of claim should be held to acquiesce in the adjudication of any proper set-off or counterclaim even to the extent of a judgment thereon, since as pointed out in the Kresge case, the claimant puts himself in a position, should his interests warrant, to challenge the receiver's or trustee's acts and the demands of others claiming as creditors. He should not be permitted to claim the benefits of such a position, and yet maintain a favored advantage as against the trustee or receiver, compelling that officer to resort to a plenary action to collect on a claim that is a proper subject of set-off or counterclaim." See also Collier on Bankruptcy, Vol. 2, Sec. 23.08, pp. 514 to 517.[2]

Columbia Foundry Company, the creditor in this case, is a Pennsylvania corporation not engaged in business in Maryland. In 1946 and 1947 it sold grey iron castings to Liberty Motors and Engineering Corporation, which was adjudicated a bankrupt in voluntary proceedings on May 10, 1948. The creditor, on June 1, 1948,

2. Garrard Glenn, in his well known work on The Law Governing Liquidation (1935) Section 463, states the opposite view, to wit, that a liquidator in bankruptcy or in any other form of liquidation who objects to a claim is entitled to set up any defense of which he may be

advised, including counterclaims; but he is not entitled to an affirmative judgment against the claimant for the reason that the presentation of the claim does not institute an action and hence no counterclaim will lie.

filed by mail with the referee a proof of unsecured debt in the sum of $36,386.34 for the balance due on certain shipments of merchandise sold and delivered to the bankrupt. The claimant also executed a power of attorney to Baltimore attorneys to vote at the first meeting of creditors, and his power of attorney was also filed with the referee. The trustee in bankruptcy excepted to the claim on the ground that the bankrupt was not indebted as alleged, and that the castings described in the claim were defective. The trustee also asserted the counterclaim that the defects in the castings were latent and that the use of them in the bankrupt's business resulted in financial loss and damages to the bankrupt in excess of $100,000, and brought about its bankruptcy. The claimant moved that the trustee's exception be dismissed insofar as it asserted a counterclaim in excess of the claim, on the ground that the bankruptcy court lacked jurisdiction over the subject matter of the counterclaim and over the claimant since it is a Pennsylvania corporation and had not been served with process in the District of Maryland. The referee denied the motion to dismiss and on petition for review, was affirmed by the District Judge.

A case of this sort demonstrates the wisdom of the rule laid down in Florance v. Kresge, supra, and the improbability that Congress intended to restrict the use of counterclaims to defensive purposes only. Here the trustee is called upon to pay for goods sold to the bankrupt which, for the purposes of the argument, must be assumed to have been so defective as to cause the bankrupt a loss greatly in excess of the purchase price of the merchandise. The counterclaim relates to the very subject matter of the claim itself. It is conceded that the trustee may prove the counterclaim so as to defeat the claim and it follows that the creditor must produce the same evidence to save his claim as he would to defeat an affirmative judgment against him on the counterclaim. The inconvenience and expense of transporting witnesses and records from the claimant's home office to the bankruptcy court, which is stressed by the appellant, would be the

same in either event; and this difficulty is unavoidable since it is essential that claims against an insolvent in bankruptcy as in an equity receivership must be handled by the court in charge of the debtor's estate. What then is the basis for the decisions upon which the appellant relies?

It seems clear that in adjusting the apparent conflict between Section 23, 11 U.S.C.A. § 46, and Section 68, 11 U.S.C.A. § 108, of the Bankruptcy Act, too much emphasis has heretofore been placed upon the requirement of Section 23 that suits by the trustee shall be brought only where the bankrupt might have brought them if bankruptcy had not occurred, that is, in the district whereof the defendant is an inhabitant, and too little weight has been given to the right of the trustee under Section 68 to avail himself of set offs and counterclaims where a creditor presents a claim against the estate. The purpose of Section 23 to protect a defendant from the expense and inconvenience of defending a suit by the trustee away from his home is clear, and this purpose can be served by compelling a trustee who desires to sue to bring the action in the defendant's district. In this way Section 23 can be given adequate scope, since it applies only when the trustee brings suit; and there is no good reason to extend it to the situation where the trustee himself is sued in effect in the bankruptcy court by a creditor who files a claim against the estate. Then Section 68, entitled "Set-offs and counterclaims" comes into play, and it is required that an account of mutual debts or mutual credits between the estate and the creditor shall be stated and one debt shall be set off against the other and the balance only shall be allowed or paid. There is naught in the text of the section which manifests an intention to subject the trustee to any restriction in the use of a set off that would not have applied to the bankrupt if sued before his adjudication; and since in such an event the bankrupt could have had an affirmative judgment against his adversary under the ordinary rules of procedure, the trustee should be entitled to the same advantage in winding up the estate. The creditor would not be

injured thereby, since the burden of opposing the counterclaim is the same whether it is used as an offensive or defensive weapon, and both parties are advantaged by disposing of both claims in a single suit.

The objections urged upon us by the creditor in this case were stated as strongly as might be in our decision in Alexander v. Hillman, 4 Cir., 75 F.2d 451. We stressed the general policy of the federal law that a person should be subject to suit in the federal courts only where he resides, and we emphasized the view that a creditor who desires to share in the distribution of the estate of an insolvent is compelled to file a claim in the proceedings but does not thereby intend to become a party to the suit or submit to the jurisdiction of the court for all purposes; and we pointed out that in such a case he should not be deprived of his right to a jury trial under the Seventh Amendment. We concluded that the payment of the claims filed by the creditors should be stayed until the trustee in bankruptcy should have an opportunity to sue them in their respective jurisdictions on counterclaims. But this point of view was not accepted by the Supreme Court in Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192. The court said: 296 U.S. page 243, 56 S.Ct. page 211.

" * * * The decision may be construed to direct the receivership court to stay all proceedings on respondents' claims until final judgment may be obtained in suits brought elsewhere upon the causes of action asserted by the receivers. That would introduce additional elements of uncertainty and would involve unnecessary delay, work and expense. As the individual respondents dominated the defendant and the other corporations used to effect the alleged misappropriations and also directed defendant's part in this litigation, it would seem that necessarily most of the issues in respect of the counterclaims will be quite similar to those litigated in the main suit. Unquestionably, all matters in the controversies between the parties may be tried and determined more conveniently and promptly in the receivership court than elsewhere.

It is clear that, under the circumstances disclosed, the restrictions laid by the Circuit Court of Appeals upon the receivership court are not consistent with that freedom as to procedure that necessarily belongs to courts of equity administering receiverships."

The distinction between a receivership in equity and a bankruptcy proceeding is not valid in this connection. Bankruptcy courts are essentially courts of equity for many purposes; and they sit as courts of equity in dealing with the claims of creditors and try them without the intervention of a jury. Pepper v. Litton, 308 U.S. 295, 303–311, 60 S.Ct. 238, 84 L.Ed. 281; In re International Power Securities Corp., 3 Cir., 170 F.2d 399, 402; In re Kansas City Journal-Post Co., 8 Cir., 144 F.2d 791, 800; In re Commonwealth Light and Power Co., 7 Cir., 141 F.2d 734, 736.

A careful compilation of the relevant cases, presented to the court by the appellant, is set out in the marginal note.[3] It was decided in a number of them that the

---

3. Pickens v. Roy, 187 U.S. 177, 180, 23 S.Ct. 78, 47 L.Ed. 128; Fitch v. Richardson, 1 Cir., 147 F. 197; E. R. Sherburne Co. v. Wellenstein, Krause & Co., D.C.Mass., 285 F. 793; In re Robinson, D.C.Mass., 36 F.Supp. 11 (dictum); Metz v. Knobel, 2 Cir., 21 F.2d 317; Kleid v. Ruthbell Coal Co., 2 Cir., 131 F.2d 372, 373; In re Marmolstein, D.C.E.D. N.Y., 13 F.Supp. 396; Conners v. Federal Deposit Ins. Corp., D.C.E.D.Pa., 39 F.Supp. 812, 819 (dictum); Morton G. Thalhimer, Inc., v. Florance, 4 Cir., 58 F.2d 23; In re Peacock, C.C., E.D. N.C., 178 F. 851, 857; In re Prima Co., 7 Cir., 98 F.2d 952, 956–959, certiorari denied Keig v. Harris Trust & Saving Bank, 305 U.S. 658, 59 S.Ct. 357, 83 L.Ed. 426; Triangle Electric Co. v. Foutch, 8 Cir., 40 F.2d 353 (dictum); Dealers' Finance Co. v. Coulter, 8 Cir., 64 F.2d 752 (dictum); In re Fergus Falls Woolen Mills Co., D.Minn., 41 F. Supp. 355, 365; In re Vadner, 9 Cir., 17 F.2d 721; In re Continental Producing Co., D.C.E.D.Cal., 261 F. 627; In re Patterson-MacDonald Shipbuilding Co., D.C.W.D.Wash., 284 F. 281, affirmed on other grounds, 9 Cir., 293 F. 192; In re Florsheim, D.C.S.D.Cal., 24 F. Supp. 991, appeal dismissed by consent of parties, 9 Cir., 110 F.2d 660; In re

filing of a proof of claim against a bankrupt estate does not confer jurisdiction upon the court to enter an affirmative judgment upon a counterclaim against a creditor. It will be noticed, however, that most of them, including the decision of this court in Morton G. Thalhimer, Inc., v. Florance, 4 Cir., 58 F.2d 23, were decided before the decision of the Supreme Court in Alexander v. Hillman, supra, and that in most of the subsequent cases no mention of that decision is made. In some of the cases the counterclaim was directed to the recovery of property adversely held by the creditor under a preferential transfer from the bankrupt. Kleid v. Ruthbell Coal Co., 2 Cir., 131 F.2d 372, 373; In re Marmolstein, D.C., E.D.N.Y., 13 F.Supp. 396; In re Florsheim, D.C., S.D.Cal., 24 F.Supp. 991; Feiring v. Gano, 114 Colo. 567, 168 P.2d 901, 165 A.L.R. 1406. In the pending case, on the other hand, the counterclaim relates to the same subject matter as the claim itself and our decision is confined to a situation of that kind. We need not now decide whether the reasons which underline our decision would require a like result under circumstances similar to those discussed in the cases on which the appellant relies.

It is urged upon us that this appeal should be dismissed as premature since it relates only to the jurisdiction of the court to render an affirmative judgment against the creditor and does not represent a final judgment in which the rights of the parties are determined. Section 24, sub. a, 11 U.S.C.A. § 47, sub. a, of the Bankruptcy Act provides that the Circuit Courts of Appeal are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdiction in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy. Since the appeal in the instant case is from an interlocutory order, it is premature unless it was entered in a proceeding in bankruptcy. Although the line of demarcation between proceedings and controversies is uncertain, it is generally accepted that questions between the bankrupt and his creditors, such as is presented in the instant case, fall into the category of proceedings in bankruptcy. Matter of National Finance & Mortgage Corp., 9 Cir., 96 F.2d 74; Broders v. Lage, 8 Cir., 25 F.2d 288; Morehouse v. Pacific Hardware & Steel Co., 9 Cir., 177 F. 337; Collier on Bankruptcy, 14th Ed., Vol. 2, § 24.12.

█ The appeal under Section 24, sub. a, from an interlocutory order involving $500 or more in a proceeding in bankruptcy is generally one of right; but the decisions limit the appeal to interlocutory orders which have the character of a formal exercise of judicial power affecting the asserted rights of a party and an appeal from an interlocutory order involving the exercise of the trial court's discretion is allowed only upon a showing of an abuse of discretion. See Collier on Bankruptcy, supra, §§ 24.11, 24.39. Clearly, due regard for the efficiency and dispatch of bankruptcy proceedings requires that the right of appeal from interlocutory orders under Section 24, sub. a, be kept within reasonable bounds.

█ However, even prior to the enactment of Section 24, sub. a, an interlocutory order overruling an objection to jurisdiction had been held appealable. In re Margolies, 2 Cir., 266 F. 203; see In re Hotel Governor Clinton, Inc., 2 Cir., 107 F.2d 398, 399. It is our view that in consideration of the importance of the question involved, the appeal in this case should be entertained, and the motion to dismiss is therefore denied.

Affirmed.

Bowers, D.C.S.D.Cal., 33 F.Supp. 965; Taylor v. Producers Pipe & Supply Co., 10 Cir., 114 F.2d 785, 787 (dictum); Feiring v. Gano, 114 Colo. 567, 168 P.2d 901, 165 A.L.R. 1406; Harlow Realty Co. v. Whiting, 308 Mass. 220, 31 N.E.2d 928; Fowzer v. Huey & Philip Hardware Co., Tex.Civ.App.1936, 99 S.W.2d 1100.