**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**P. B. WHITE, Trustee in Bankruptcy for Mechanical Engineering Corporation, Bankrupt, Appellee.**

No. 7875.

United States Court of Appeals Fourth Circuit.

Argued June 12, 1959.

Decided July 20, 1959.

214

Spencer G. Gill, Jr., Norfolk, Va. (Rixey & Rixey, Norfolk, Va., on brief), for appellant.

William C. Worthington, Norfolk, Va. (Worthington, White & Harper, Norfolk, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

The question presented in this case is whether a bankruptcy court may, within its summary jurisdiction, adjudicate a cross-claim brought by a trustee in bankruptcy to recover a voidable preference from a creditor who has filed a claim against the bankrupt estate. The District Court affirmed the Referee in Bankruptcy in his refusal to grant the creditor's motion to dismiss the cross-claim. The issue here concerns only the jurisdiction of the bankruptcy court, and not the merits of the cross-claim.

The facts are not in dispute, having been stipulated by the parties.[1]  Conti-

nental Casualty Company ("Continental"), the appellant, was surety for the Mechanical Engineering Corporation ("Mechanical"), now the bankrupt, on approximately fifteen construction contracts. Because of financial difficulties, Mechanical found itself unable to complete these projects. A trust indenture was executed, by the terms of which Mechanical assigned all the monies due or to become due it under the construction contracts to a designated trustee for the benefit of Continental; and Continental agreed to provide the necessary funds for Mechanical to complete the work.

Bankruptcy proceedings were begun on January 17, 1959. On the preceding day the indenture trustee, as authorized by the trust agreement, had turned over to Continental the balance in the trust fund, $32,275.48, thereby reducing to $428,275.48 Continental's claim for payments made as surety to complete the construction contracts. Continental filed its claim for the latter amount as an unsecured creditor. The Trustee in Bankruptcy objected to Continental's claim and filed a cross-claim for the $32,418.04, contending that its payment to Continental on the eve of bankruptcy was a voidable preference. Continental moved to dismiss the cross-claim, asserting that the bankruptcy court had no jurisdiction in the matter, but the Referee denied the motion and ordered that Continental's claim should not be allowed unless it surrenders the preference to the Trustee in Bankruptcy pursuant to the provisions of Section 57, sub. g of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. g.

The law is well settled in this Circuit that a creditor who voluntarily files a claim in bankruptcy submits to the summary jurisdiction of the court in respect to a counterclaim asserted by the trustee which arises out of the same transaction as the claim itself, and the court of bankruptcy has power not only to

[1]. The record as transmitted disclosed no facts. but in this court the parties have stipulated the facts relating to the trust indenture with the express reservation that the stipulation "is without prej-

udice to appellant's rights on the factual merits of this or any controversy existing or arising in the future to which the appellant may be a party."

adjudicate the counterclaim but also to enter an affirmative judgment against the creditor. Florance v. Kresge, 4 Cir., 1938, 93 F.2d 784; Columbia Foundry Co. v. Lochner, 4 Cir., 1950, 179 F.2d 630, 14 A.L.R.2d 1349. In accord: In re Solar Manufacturing Corporation, 3 Cir., 1952, 200 F.2d 327; In re Nathan, D.C.S.D.Cal. 1951, 98 F.Supp. 686. Cf. Alexander v. Hillman, 1935, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192, an equity case.

In the Kresge case, a lessor filed a claim for rentals collected by the bankrupt, as his rental agent. Under the contract between them the bankrupt was to receive certain commissions based on a percentage of the rents collected, and the Trustee in Bankruptcy filed a counterclaim for these commissions. On appeal it was held that the bankruptcy court had summary jurisdiction to adjudicate the counterclaim since it arose out of the same contract as the claim. A similar result was reached in the Lochner case, where the creditor had filed a claim for the balance due on equipment sold and delivered to the bankrupt, and the counterclaim was for damages sustained by the bankrupt as a result of latent defects in these articles. Jurisdiction in the bankruptcy court was held to exist since the "counterclaim relates to the very subject matter of the claim itself." [179 F.2d 633.]

■ In the instant case, however, Continental contends that the claim and counterclaim arise out of different transactions. Counsel apparently argues that Continental was surety on fifteen different construction contracts, and that the preference money received by Continental (the $32,814.04) emanated from some of the contracts, while the money it expended (the $428,275.48) was for the completion of others of this group of contracts. Not only has Continental failed to present any evidence indicating which contracts the various monies represent, but its contention misconceives the nature of the transaction.

While it is true that Continental undertook to bond separately each construction contract, the trust indenture related to all the contracts. Under its terms, Continental was to advance money on *all* the contracts and, likewise, was to receive the balances due or to become due under *all* the contracts. Thus, the sums received by Continental under the trust indenture, (the subject matter of the counterclaim,) became so closely related to the sums expended by Continental under the indenture, (the subject matter of the creditor's claim,) that it is unreasonable in this context, even if mathematically possible, to separate one from the other. In effect, the trust indenture combined all of Continental's rights and obligations under the fifteen earlier construction contracts into one new transaction.

The trustee goes further and contends that even if the claim and counterclaim were unrelated, the bankruptcy court had summary jurisdiction to grant him affirmative relief for the amount of the voidable preference, because the claimant had given implied consent by coming voluntarily into court to file its claim. Concluding, as we do, that the claim and the counterclaim in this case arise out of the same transaction, we need not decide whether the bankruptcy court would have summary jurisdiction to adjudicate a cross-claim coming out of a transaction unrelated to that upon which the creditor's claim is based. See Inter-State National Bank of Kansas City v. Luther, 10 Cir., 1955, 221 F.2d 382.

■ Continental, on its part, argues that our Lochner and Kresge decisions have been superseded by a 1952 amendment to the Bankruptcy Act which, it is said, specifically precludes the summary jurisdiction of the court of bankruptcy from arising if, as Continental has done here, the creditor interposes timely objection. Sec. 2, sub. a(7), 11 U.S.C.A. § 11, sub. a(7), added July 7, 1952, provides:

" * * * and where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time pre-

scribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction;"

For a proper interpretation of this statute it is necessary to consider its history. In Cline v. Kaplan, 1944, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97, the Trustee in Bankruptcy petitioned the Referee to order the respondents to turn over certain assets allegedly belonging to the bankrupt. The respondents contested the order, claiming ownership in themselves, and near the close of the hearing moved that the trustee's petition be dismissed for want of summary jurisdiction in the bankruptcy court. The Supreme Court held that the turnover order could be resisted as the respondents had not consented to the summary jurisdiction of the court.

The section quoted above was enacted to clarify and limit the effect of the Cline case. House Rep. No. 2320 and Senate Rep. No. 2234, 82nd Cong., 2nd Sess. We are of the opinion that this amendment was intended by Congress to apply to situations similar to Cline v. Kaplan, where the adverse party is involuntarily brought into court by preemptory process, such as a turnover order, and was not meant to diminish the jurisdiction of the bankruptcy court where the creditor has come into court voluntarily by filing a claim against the estate. Inter-State National Bank of Kansas City v. Luther, 10 Cir., 1955, 221 F.2d 382, 388. There is nothing to indicate that the statute was designed to authorize a party to object to the summary jurisdiction where he has come into court on his own motion seeking relief.

Adhering to our earlier decisions, we hold that when Continental filed its claim, it submitted itself to the summary jurisdiction of the bankruptcy court in regard to the trustee's counterclaim arising out of the same transaction as the claim itself. The order of the District Court is

Affirmed.