## ANDERSON, Trustee v. COOPER, et ux.
### No. 60 L 1031.

Circuit Court, Dade County.

October 4, 1960.

---

Copeland, Therrel, Baisden & Peterson, Miami Beach, for plaintiff.

N. J. Durant, Miami, for defendants.

JOE EATON, Circuit Judge.

This cause came on to be heard upon defendants' motion for summary final judgment. The conclusion of this court is that the motion must be granted.

It appears to the court that the cause of action alleged by the plaintiff in the case at bar was litigated by way of set-off in the hearing before the referee, on claims made by defendants herein, in bankruptcy action #3855-M-Bk in the U. S. District Court for

the Southern District of Florida, Miami Division. The referee denied both claims and allowed a set-off. 'On appeal the judgment was affirmed and the U. S. Court of Appeals, Fifth Circuit, specifically found that evidence introduced without objection at the hearing before the referee showed a valid compulsory counterclaim, but that no affirmative relief had been sought.

Despite some earlier cases to the contrary, the law seems settled that if a claimant in a bankruptcy proceeding consents to the adjudication, by the referee in summary proceedings, of a counterclaim asserted by the trustee against said claimant, the referee had jurisdiction to enter an affirmative judgment on the counterclaim (3 Remington Bankruptcy §1440; 4 Collier, Bankruptcy §68.20, fn. 19, 20, 23, 24; 2 Collier 23.08, fn. 1 and cases there cited) although, absent such consent, the referee may only allow a set-off up to the amount of the claim.

The law appears somewhat unsettled as to whether the mere assertion of the claim constitutes consent to such summary jurisdiction (see sections of Remington and Collier, previously cited), but the vast majority of more recent cases holds that mere filing of a claim does constitute such consent to counterclaims arising out of the same transaction (Peters v. Lines, 275 F. 2d 919, 924; Continental Casualty Co. v. White, 269 F. 2d 213; Interstate National Bank v. Luther, 221 F. 2d 382; Conway v. Union Bank, 204 F. 2d 603; In re Sollar Manufacturing Corp., 200 F. 2d 327, cert. den. sub. nom. Maine Midland Trust Co. v. McGirl, 345 U. S. 940, 97 L. Ed. 1366; In re Petroleum Conv. Corp., 99 Fed. Supp. 899, aff'd 196 F. 2d 728, cert. den. 344 U. S. 917, 97 L. Ed. 707; Columbia Foundry Co. v. Lochner, 179 F. 2d 630; Chase National Bank v. Lyford, 147 F. 2d 273; Florance v. Kresge, 93 F. 2d 784; cf. also Giffin v. Vought, 175 F. 2d 186; Gendel, Jurisdiction of a Referee in Bankruptcy to Render Affirmative Judgment on a Counterclaim in Favor of a Trustee, 26 So. Cal. Law Review 167, see review of cases in In re Nathan, 98 Fed. Supp. 686) or, in the terminology of Rule 13a, Federal Rules of Civil Procedure and Rule 1.13a, Florida Rules of Civil Procedure, "a compulsory counterclaim."

Tested by the normal rules for determining whether a compulsory counterclaim exists (Korvette v. Parker Pen Company, 17 F.R.D. 267; Rosenthal v. Fowler, 12 F.R.D. 388; Williams v. Robinson, 1 F.R.D. 211) the claim asserted in the bankruptcy proceeding and the counterclaim thereto arose out of the same transaction — i.e. the merger of the two corporations, and the agreements entered into simultaneously therewith — and thus

the referee had jurisdiction of this counterclaim. The referee in his order, confirmed by the U. S. District Court, affirmed on appeal, adjudicated matter that constituted a valid compulsory counterclaim. Such an order, entered in a proceeding in which the referee had jurisdiction, is valid and binding. While it may be attacked on appeal, it may not be collaterally attacked and thus becomes, upon affirmance, res adjudicata (2 Collier 21.29; 3 Collier 57.14; 5 Remington §§2309-2322; and cases cited therein). Furthermore it is res adjudicata not only as to points actually adjudicated but as to any which could have been raised and were not (Engebretson v. West, 111 F. 2d 528).

In addition, since this subject matter constitutes a compulsory counterclaim, it must be asserted or it is waived (Fed. R.C.P. 13a, Fla. Rules C.P. 1.13; Meacham v. Haley, 270 S.W. 2d 503; Jocie Motor Lines v. Johnson, 57 S.E. 2d 388; Kirtley v. Chamberlin, 93 N.W. 2d 80; 12 Stanford Law Review 834). It is true that the matter was raised in the bankruptcy court but no affirmative relief was sought or granted. Before the enactment of the "compulsory counterclaim statutes", it was generally held that a defendant had an election to sue by way of counterclaim, or by independent action; but, even under this rule, if the subject matter was raised in the original action as a defense without a prayer for affirmative relief, an adjudication in the original action was res adjudicata and barred subsequent independent action for the affirmative relief (83 A.L.R. 642).

It must be noted that the application of the doctrine of res adjudicata, "hoary with the wisdom of age", offtimes leads to seemingly harsh results. Yet it has been unbendingly applied by the courts. Justification is found in the public policy which requires that the courts should not repeatedly litigate the same cause. "The economy of time belongs in common to all litigants." While exceptions to res adjudicata may seem desirable as a means of avoiding harsh results, they are not easily encompassed by a precise rule which might be generally applicable. Furthermore, any such rule would only serve to contract the scope of res adjudicata without relieving the rigidity which characterizes its present operation. Therefore, plaintiff must seek his relief, if any, in the bankruptcy court where the original order was entered and affirmed.

Accordingly, it is ordered and adjudged that defendants' motion for summary judgment be and the same is hereby granted, and the plaintiff's complaint be and the same is hereby dismissed.