## In re FERRO, INCORPORATED.

### No. 91–60.

United States District Court
District of Columbia.

Oct. 11, 1961.

William J. Powell, Washington, D. C., for petitioner.

Roger Robb, Washington, D. C., for respondent.

HOLTZOFF, District Judge.

This is a petition for review of an order of the Referee in Bankruptcy. The order of the Referee related to a claim of one Bolling R. Powell, Jr., who filed a proof of claim with the trustee against the estate of the bankrupt. At the hearing the Referee rejected the claim and on the contrary ordered the claimant to turn over to the trustee in bankruptcy a certain fund that was in the hands of the claimant. The order of the Referee related to the same fund as that in respect to which the claimant had filed a proof of claim.

It is contended first, that the Referee in Bankruptcy was without power to make a summary order requiring anyone to turn over funds to the trustee in bankruptcy, and that if the obligation to do so is contested, the rights of the parties can be adjudicated only in an action brought by the trustee in bankruptcy in this court. In this case the claimant asserted that he had an attorney's lien on the fund which he was required to turn over. It was held by the Supreme Court in Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192, that in an equity receivership a creditor who files a

proof of claim submits himself and his rights to the jurisdiction of the court which appointed the receiver, and that under those circumstances the Court may pass upon any counterclaim that is asserted by the receiver.

■ This rule has been extended to bankruptcy proceedings. In Columbia Foundry Co. v. Lochner, 179 F.2d 630, 631, 14 A.L.R.2d 1349, Judge Soper, speaking for the Fourth Circuit, stated:

"The question to be decided in this case is whether the District Court, sitting in bankruptcy, has jurisdiction to enter an affirmative judgment in favor of the trustee in bankruptcy upon a counterclaim filed by him against a nonresident creditor who has filed a claim against the estate of the bankrupt."

The Fourth Circuit answered this question in the affirmative. The same conclusion was reached by the Third Circuit in the case, In re Solar Manufacturing Corporation, 200 F.2d 327. This Court, therefore, is of the opinion that in a bankruptcy proceeding, a creditor who files a proof of claim submits himself to the jurisdiction of the bankruptcy court, not only as to the merits of his claim but also as to any defenses or counterclaims that may be asserted against the claim and that arise out of the same transaction, and further, that in such case an affirmative judgment or order in favor of the trustee, may be granted by the bankruptcy court against the claimant. When we speak of the bankruptcy court we, of course, include the Referee in Bankruptcy, who is a judicial officer and who exercises certain judicial functions of the United States District Court sitting in bankruptcy.

■ This Court, therefore, holds that the Referee in Bankruptcy had jurisdiction to make the order that is the subject matter of this petition. On the merits, the Court is of the opinion that the claimant is barred from asserting his attorney's lien by the judgment in an action in this Court entitled John Thompson Beacon Windows, Limited v. Ferro, Incorporated and Bolling R. Powell, Jr.

This action culminated by a judgment granted on November 24, 1959, by which the defendant Powell was required to turn over the fund involved in the present proceeding to his co-defendant, Ferro, Incorporated. To be sure apparently he did not raise the issue of attorney's lien as a defense to the claim against him but interposed other defenses. However, he could have raised the defense of attorney's lien and on the basic principles of res judicata all issues that could have been litigated between the parties are deemed to have been adjudicated and disposed of.

In view of these considerations the order of the Referee is affirmed.

You may submit an appropriate order.